BAILEY, ADM'R, ET AL. v. PLATTE & DENVER CANAL & MILLING CO.

CORPORATIONS — EASEMENTS.— Under General Statutes, 1883, section 240, empowering a corporation to convey its property; and sections 341, 342, by which its property on dissolution passes to its directors instead of reverting, the right of way of a ditch company does not cease with the expiration of its charter, but, having previously been conveyed, its grantee may thereafter continue the use of the same.

*Appeal from District Court of Arapahoe County.*

APPELLANTS, J. L. Bailey, administrator of the estate of John Witter, deceased, and Ben Brewer, were plaintiffs below, and for cause of action against the defendant alleged that on the 1st day of February, 1884, and at the time of bringing this action, they were the owners in fee-simple of lots 21 to 32, inclusive, in block 9, in Hunt's addition to the city of Denver, in the county of Arapahoe and state of Colorado; that at the time plaintiffs acquired title to said lots the Platte & Denver Ditch Company was operating its ditch through all of said lots, near the center thereof; that said Platte & Denver Ditch Company became a body corporate on the 24th day of October, 1864, and in the fall and winter of said year and the year following constructed said ditch through the northeast quarter of section 4, in township 4 south, of range 68 west; that said quarter section of land was pre-empted by A. Cameron Hunt on the 13th day of October, 1863, and that a patent was issued to said Hunt therefor February 15, 1866, without any reservation of any kind; that said Hunt conveyed said lands in fee to John M. Clark and Julius Hotchkiss, and that said Clark and Hotchkiss caused a part of said lands to be duly platted and recorded, pursuant to the laws of Colorado, as "Hunt's addition to the city of Denver," which plat includes the said lots of plaintiffs; that said ditch company never acquired from Hunt or any of his grantees any grant of the right of

way through said lands other than a parol license from Hunt, revocable at pleasure; that but for the said ditch said lots would be of the cash value of $6,000, but because of said obstruction are worth no more than $2,000; that the defendant became a body corporate on the 3d day of October, 1884, for the declared purpose of constructing, maintaining and keeping up, repairing and keeping in order a ditch or canal, describing the same particularly, and as running all the way, as near as may be, to the line of the Platte & Denver ditch; that the incorporators in the said Platte & Denver Ditch Company and the incorporators and stockholders in the defendant corporation are not identical, but different persons; that defendant has taken possession of said ditch for its entire length and pretends to be the owner thereof, and threatens to and will maintain and operate the same through plaintiffs' lots for the full period of its existence, and that, too, without compensation to the plaintiffs; that defendant has never commenced any proceedings to condemn the right of way through said lots or paid plaintiffs any compensation therefor; that the maintenance and operation of said ditch will render said lots valueless and will result in irreparable damage thereto. Prayed that defendant be restrained from maintaining or operating said ditch during the pendency of this suit and until the further order of the court, unless it proceed, under the laws of this state, to condemn and pay for the right of way through said lots with all convenient speed; and for the recovery of the sum of $4,000 damages.

The defendant answered setting up two defenses. The second defense alleged that said Platte & Denver Ditch Company, on or about the 3d day of October, 1884, for a valuable consideration, sold and conveyed all of its property, right of way, rights, easements and appurtenances in connection with the said ditch to the defendant; that said ditch was constructed for the purpose of furnishing water for milling, manufacturing and irrigation,

and at a cost of $25,000; that said Platte & Denver Ditch Company lawfully acquired the right of way through the lands mentioned in the complaint; that said company, long prior to the expiration of its charter, leased the water rights and powers of said ditch to several persons for milling purposes by perpetual lease, and that such persons or their assigns have built and constructed large flouring-mills, to be operated by such water-powers at an aggregate cost and expense of $120,000, and that the water from said ditch has been used for many years last past for the purpose of operating the machinery in said mills, and cannot be dispensed with except at a ruinous loss to the owners and operators of said mills; that one of the chief considerations for said sale and conveyance by said company to defendant was that defendant was to keep good said contracts of lease of water-powers to the owners and operators of said flouring-mills, and for that purpose to keep said ditch in repair; that said lessee of said water-powers and water-rights had, for the purposes aforesaid, acquired vested rights to and in said ditch and the water flowing therein long prior in point of time and superior in point of law to any rights of the plaintiffs to or in said lots, and that plaintiffs took said lots subject to the said vested rights of said lessees; that the right of way for said ditch was acquired by said Platte & Denver Ditch Company long before the plaintiffs had any right, title or interest in or to any of said lots; and that said company had full power and lawful authority to sell, convey, transfer and dispose of its property, right of way, easements and appurtenances to the defendant.

Plaintiffs replied to the first defense and filed a general demurrer to the second defense. The demurrer was overruled, and, plaintiffs electing to stand upon their demurrer, judgment was rendered that plaintiffs take nothing by their suit. Plaintiffs appealed and assign for error: *first*, that the court erred in overruling the demur-

rer to the second defense in the defendant's answer; *second*, that the court erred in rendering judgment against the plaintiffs when there was an issue raised by the first defense and undetermined.

Messrs. S. E. BROWNE and T. G. PUTNAM, for appellants.

Messrs. MARKHAM & DILLON, for appellee.

RISING, C.    It is contended by appellants that the Platte & Denver Ditch Company never acquired a right of way for their ditch through the lands now known as "Hunt's Addition" for a longer period of time than twenty years from the date of the incorporation of said company, and that the sale of all its property and rights by said company to the appellee did not and could not convey to appellee any right of way through said lands, to be held and used after the expiration of said twenty years, that being the period prescribed by the statute for the existence of said company.

The absolute right of said company to build said ditch through said lands, and to maintain the same until the expiration of its charter, is not questioned in the argument for appellants, but it is contended that the property rights of said company in said right of way were limited to the use of said lands for a right of way for said twenty years, and that it could not convey to defendant a greater property right than it possessed.    The right of a corporation to convey its property is not questioned.    That the property rights of said ditch company in the right of way for said ditch extended beyond the period of its existence as limited by statute is questioned, and this question is the only one raised by counsel for appellants in their argument.    To determine this question we must ascertain how and by what right said company acquired a right of way for its ditch.

At the time the right of way through the lands now

known as "Hunt's Addition" was taken by said company the title to said lands was in the United States; but A. Cameron Hunt had an existing pre-emption claim thereon, and for which taking by said company said Hunt gave a license. The right so acquired to occupy said premises for a right of way for said ditch became property of the company, and, under the statute then and now in force, the company could sell and dispose of it. Laws 1864, p. 61, § 43; Gen. St. § 240. And upon dissolution of the corporation, upon the expiration of its charter, such property would not revert to the owner of the servient estate, but would pass to and rest in the board of directors or trustees of the corporation, or the managers of the corporate affairs, by whatever name known, acting last before the time of such dissolution. Gen. St. §§ 341, 342.

From these statutes we see that the property rights acquired by the ditch company are the same as when such rights are acquired by a person, and that the duration of such right no more depends upon the life of the corporation than upon the life of the person. It follows, therefore, that the right acquired by the company to a right of way over appellants' lots was not dependent upon or limited by the life of the corporation.

Appellants' contention is not well founded, and the judgment should be affirmed.

STALLCUP, C., concurs. DE FRANCE, C., dissents.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*

ELLIOTT, J., not sitting, having tried the case below.