WALLEY v. PLATTE & DENVER DITCH Co. ET AL.

1. MAINTAINING A DITCH IN THE STREET OF A CITY — RIGHT OF ACTION BY AN ABUTTING PROPERTY OWNER WHO SUFFERS SPECIAL DAMAGE. — Since the city of Denver acquired its streets subject to the prior lawfully acquired right of a ditch company to construct and maintain a ditch in some of them, one who, long after the construction of the ditch, purchased land abutting on such a street, cannot recover from the ditch company for the maintenance of the ditch, unless he suffers special damages thereby.

2. INSUFFICIENT ALLEGATIONS OF COMPLAINT TO WARRANT RECOVERY. Under these circumstances, allegations of the complaint that the ditch is dangerous to the public health and safety, and that it is a public nuisance, without any averment that the damages for which the plaintiff seeks to recover resulted from an unlawful, improvident or negligent use of the ditch, contain no averment of special damages, and none can be recovered.

*Error to District Court of Arapahoe County.*

Messrs. BROWNE & PUTNAM, for plaintiff in error.

Messrs. MARKHAM & DILLON and E. A. CLARK, for defendants in error.

RICHMOND, C.   In this action plaintiff in error sought to recover damages alleged to have been done to his premises by the waters in the ditches of the defendant companies.

The complaint, answers and replications constitute the pleadings in the action, and the following stipulation was entered into by and between the respective parties:

"It is stipulated and agreed by and between the parties

to this suit that the title of the premises in the complaint described is in the plaintiff; that the city of Denver was incorporated in 1861, and has ever since remained a corporation, with a city government charged with the duty and provided with the power to grade, open, improve, keep in repair and free from obstruction the streets, alleys and highways in said city; and that said premises were and are within the limits of said city; and that the right of way for said ditch at the point complained of was never procured by any condemnation proceedings in any court.

"It is further stipulated and agreed that the Platte & Denver Ditch Company was incorporated and organized October 7, 1864, for the purpose of constructing the said ditch for milling, manufacturing and irrigating purposes, and that the said Platte & Denver Ditch Company did so construct said ditch in 1864 and 1865, and that it was used for the purposes aforesaid; that the defendant company was incorporated and organized on the 1st day of October, 1884, for the same purposes as the Platte & Denver Ditch Company; that on the 4th day of October, 1884, being a few days after the organization of the defendant company and a few days before the expiration of the charter of the Platte & Denver Ditch Company, sold, transferred and conveyed said ditch and all of its right, title and interest to and in said Platte & Denver ditch, with its rights, privileges and appurtenances, right of way and easements, to the defendant company; the plaintiff, however, not admitting hereby, but protesting, as a matter of law, against, the right of said company to sell and convey to the defendant company the said ditch or anything connected therewith, beyond the period of the corporate existence of the said Platte & Denver Ditch Company; that the water from said ditch is still used for the same purposes for which it was intended to be used by the company organized to construct the said ditch,— that is, for milling, manufacturing and irrigating purposes.

"It is further agreed that the lots and premises, streets

and alleys in the complaint mentioned are a part of the tract of land known as the 'Congressional Grant,' and which tract of land was by act of congress of May 28, 1864, entered by the probate judge of Arapahoe county in trust for the inhabitants as a town-site; that the certificate of entry thereof was issued May 6, 1865, and a patent therefor issued June 8, 1868.

"It is further admitted that all that part of the ditch anywhere near the premises mentioned was constructed upon the same tract of land known as the 'Congressional Grant.' This stipulation to be considered as admissions in the pleadings.     Dated October 21, 1887."

Upon these pleadings and stipulation defendants in error moved for judgment on the grounds that the plaintiff could not recover damages for the lawful construction, maintenance and operation of the ditches; *second*, that the allegations in the complaint as to any special damages occasioned by any acts or doings of the defendants were so vague and indefinite that no recovery could be had on these allegations, and that no negligence whereby any special damage was done to the plaintiff was alleged against the defendants.

The case at bar is precisely similar to *Ditch Co. v. Anderson*, 8 Colo. 131; therefore we deem it unnecessary to further extend the statement of this case. The principal questions presented to the court below, and rediscussed in the briefs on this appeal, are identical with the questions discussed in *City of Denver v. Mullen*, 7 Colo. 345, and *Ditch Co. v. Anderson*, before referred to. In view of the fact that these two cases practically decide every issue presented in the case at bar, we may be pardoned for abbreviating our opinion.

In the case of *City of Denver v. Mullen* this court determined that the ditch company had acquired a prior right as against the city to use the street for its ditch. In other words, they held that the city accepted the dedication of

the street subject to the prior lawfully acquired right of the ditch company to construct and maintain the ditch where it runs and for the purposes to which it was applied.

Following this decision, and re-affirming in most unmistakable language the doctrine therein announced, this court in the case of *Ditch Co. v. Anderson* says no recovery can be had for damages incident to the construction and maintenance of the ditch within the scope of the lawful authority under which said ditch was constructed and is maintained. In other words, the ditch existing by lawful authority, its proprietors are not liable for damages resulting from such existence of the ditch *ipso facto* merely.

It is conceded by the stipulation and by the pleadings in this case that the plaintiff in error occupied the said lot while it was a part of the congressional grant, and that his title did not accrue until after the appellees' rights and privileges accrued by the statutory concessions of congress to ditch companies. The plaintiff in error purchased his lots bordering upon the street which was then and for a long time prior thereto had been burdened with the easement lawfully acquired of the ditch in question.

The plaintiff in error by his complaint does not aver that the damages for which he seeks to recover resulted from an unlawful, improvident or negligent manner in the use of the said ditch. To use the language of the complaint, it is averred that it is dangerous to public health and safety, and is a public nuisance, and is dangerous to the health of all who have occasion to transact business in its vicinity; and that the damages resulting are from the maintaining and operating of the said ditch. It can be said without fear of contradiction that there is not a single averment in the complaint which sets forth any improper or negligent manner in the use of the ditch by the appellees. It being a conceded fact that it was constructed prior to the purchase of the premises by the plaintiff in error, no special damages being averred, no special damages could be recov-

ered.   We deem it sufficient to  say without further comment that the two  cases heretofore cited are  conclusive of the case at bar.

The  contention that the  Platte & Denver Ditch Company had  no  right to  transfer  the ditch, with its  rights, privileges and appurtenances,  to the defendant  company beyond the period of its corporate existence is not discussed by plaintiff in error, but, if it were, this  court by its conclusion in the  case of *Bailey v. Milling Co.* 12  Colo. 230, has  conclusively settled the  question.   We therefore think the judgment of the court below should be affirmed.

REED and BISSELL, CC., concur.

PER CURIAM.   For the  reasons stated in the  foregoing opinion the judgment is affirmed.

*Affirmed.*