## LADD v. KUHN ET AL.

[No. 3,847.   Filed November 1, 1901.]

APPEAL AND ERROR.—*Parties.*—*Deeds.*—*Remote Grantor.*—*Defending Title in Name of Grantee.*—Where in an action for partition defendant notified his remote grantor, who had conveyed the land in question by warranty deed, to appear and defend the action, and the grantor appeared, and by permission of the court filed answers in the name of the defendant, the grantor had such a substantial interest in the controversy as entitled him to appeal in the name of the defendant.   *pp. 536-540.*

TRIAL.—*Exception to Conclusions of Law.*—A party by excepting to conclusions of law admits the truth of the material facts found. *p. 540.*

TENANCY IN COMMON.—*After Acquired Title.*—*Mortgages.*—A surviving husband in possession of lands of his deceased wife as tenant in common with his two children cannot by purchasing the land at a sale under a mortgage executed by himself and wife acquire title in the lands as against the children. *pp. 540-544.*

From Grant Circuit Court; *H. J. Paulus,* Judge.

Suit by Marcus J. Kuhn and others against Boyd Ladd for partition. From a judgment in favor of plaintiffs, defendant appeals. *Affirmed.*

*A. E. Steele, J. A. Kersey, J. W. Kern* and *L. Ewbank,* for appellant.

*G. A. Henry* and *P. H. Elliott,* for appellees.

HENLEY, J.—Appellees Marcus J. Kuhn, Eli O. Small, George Small, and Minnie Small commenced this action against appellant for the partition of a certain tract of land situated in Grant county, Indiana. In their complaint it is alleged that Marcus J. Kuhn is the owner of the fee of the undivided one-third and Eli O. George and Minnie Small are each the owners of the fee of the undivided one-ninth, and that Boyd Ladd, the appellant, is the owner of the fee of the undivided one-third of said real estate. They allege that the land is not susceptible of division without injury, and ask that a commissioner be appointed to sell it and divide the proceeds amongst the various owners as set out in the complaint.

Appellant answered the complaint in six paragraphs. Appellees jointly replied in two paragraphs, and appellee Marcus J. Kuhn replied separately in one paragraph; the separate paragraph of reply of Marcus J. Kuhn being addressed to the fourth paragraph of answer and being the third paragraph of the reply filed by all the appellees.

The trial was by the court, who at the request of the parties made a special finding of facts and stated conclusions of law thereon. The judgment of the court was to the effect that appellees and appellant, Boyd Ladd, owned the land as in the complaint alleged, and that the land was not susceptible of division without injury to the interests of the owners, and ordering that it be sold.

It is assigned as error in this court that the trial court erred in overruling the demurrer to the third paragraph of

reply; that the court erred in its conclusions of law; that the court erred in overruling the motion for a new trial; that the court erred in overruling the motion for judgment upon the special findings, and that the court erred in ordering the sale of the land, and in appointing a commissioner for such purpose.

Before proceeding to consider the merits of this appeal, we will dispose of a pending motion to dismiss it. Boyd Ladd, appellant, asks that this appeal be dismissed for the following reasons: "(1) Said appeal was taken without any authority from this appellant; (2) this appellant is informed and believes that the alleged errors on which this appeal is based relate to matters of pleading and practice which could be amended on a subsequent trial of this cause." A verified statement accompanies the motion to dismiss, in which appellant states that he at no time authorized the appeal to be taken, but on the contrary informed his attorneys not to take an appeal from the judgment of the trial court.

The record shows that at the time this action was commenced by appellees against appellant, the appellant, defendant below, notified one William Friermood, his remote grantor, who had conveyed the land in question by warranty deed, to appear and defend the action, and that he would hold said Friermood responsible on his covenants of warranty in the event appellees were successful in their suit. Friermood filed a verified petition in which he asked leave of court to file two additional paragraphs of answer in the name of appellant, Ladd. This petition, after setting forth the notice served upon him by Ladd, also states that Ladd has taken and is taking no interest in the defense of this action, that the petitioner is compelled to defend the same for him and without his aid; that if affiant is not permitted to assume the burden of defending this action, he will become liable to said Ladd upon his covenants of warranty to him. It is further stated in said petition that the said Ladd is in fact conniving with plaintiffs in the prosecution of this

action. The court granted the application of said Frier-
mood, and he was permitted to file two additional para-
graphs of answer numbered five and six in the name of
appellant, Boyd Ladd. The appeal bond is executed by
William Friermood as principal and Zack Friermood as
surety, and contains a recital that the said Boyd Ladd ap-
peals from this judgment for the use of William Friermood,
his warrantor. It appears by the record that the said Will-
iam Friermood paid the costs of the transcript and filed
with the assignment of errors a notice as follows: "William
Friermood, a remote grantor to the appellant, pages twenty-
two to twenty-six and pages seventy-four to eighty of the
transcript, became privy to the proceedings and judgment
herein, and prosecutes this appeal in appellant's name, fur-
nishing appeal bond, pages fifty and fifty-one, and paying
all costs and expenses."

In discussing the question as to who may appeal from the
judgment of the circuit court, Elliott in his Appellate Pro-
cedure, §132, lays down the correct rule, as follows: "The
rule is that the person who assumes to prosecute an appeal
must make it appear that he is a party or privy, and that he
has an appealable interest. If there is no appealable interest
the person who assumes to appeal will fail. If, however, it
appears that there is a substantial interest in the contro-
versy, and its character or extent is such as to bring the case
within the jurisdiction of the appellate tribunal an appeal
will lie."

William Friermood, after he was served with notice to
appear and defend the action, became constructively a party,
and certainly has an appealable interest. The whole effect
of the judgment falls upon him and gives him a substantial
interest in the controversy. In speaking of the object and
effect of such a notice, the Supreme Court said in *Morgan*
v. *Muldoon,* 82 Ind. 347, on p. 352: "In analogy to the
process called 'voucher' at the ancient common law, whereby
the impleaded warrantee might bring in his warrantor as

the real party, and thus make him defend the action, so the object of notice is to make the covenantor either actually or constructively a party, in order that there may be an application of the rule, that the judgment of a court of competent jurisdiction cannot be inquired into collaterally, which rule applies only to those who are said to be parties or privies to the action." Again, in the same opinion, the court say: "Proof of proper notice to him (the warrantor) would make him constructively a party to the judgment. The record might be used as evidence for the purpose of showing notice to him, though he was not an actual party to the judgment, and thus a record, considered as a memorial of proceedings that transpired in a court of justice, in which respect it is conclusive against strangers, would establish the conclusiveness of the judgment as *res judicata.*"

It is no doubt true that Friermood could by petition have become an actual party defendant to the action in the trial court. He became constructively a party defendant under the rule laid down in *Morgan* v. *Muldoon, supra,* as soon as the notice was served upon him by Ladd. Friermood appeared and was by the trial court permitted by an order of the court made part of the record, to defend this action in the name of the actual *named* defendant. Friermood having a right to defend this action in the lower court in the name of Ladd, the actual defendant, cannot now by any action of Ladd be deprived of his right to appeal and to have the appeal considered. In *Bever* v. *North,* 107 Ind. 544, Elliott, J., speaking for the court, said: "Where an action to recover possession of land is brought by one claiming to be the owner, and the grantee duly notifies his grantor of the action, the latter will be bound by the judgment in which the action results." Friermood was notified of the action and was given an opportunity to defend in the lower court; he defended the action there, and is prosecuting the appeal in this court. We are satisfied that the appeal is prosecuted for the benefit of Friermood, and although the party actually

named as appellant has moved to dismiss the appeal, his motion to dismiss is overruled.

Considering, for the purpose of disposing of the question that appellant's first specification of the assignment of errors is specific enough to present the question as to the sufficiency of the separate reply of Marcus J. Kuhn to appellant's fourth paragraph of answer, the result, so far as the final judgment was concerned, was the same as if the reply in question had never been filed, because by the special finding of facts it appears affirmatively that appellant was not injured by the ruling. If any evidence was introduced by appellee to establish the third paragraph of reply, it was disregarded by the court. No finding of fact appears in the special finding based upon this reply.

The question raised by the overruling of appellant's motion for a new trial cannot be considered because the evidence is not in the record. Appellant has attempted to bring the evidence into the record under the acts of 1899, page 384, §1470 *et seq.* Burns 1901. The Supreme Court has held section six of the law mentioned (being §1475 Burns 1901), invalid. *Adams* v. *State,* 156 Ind. 596; *Anderson* v. *Lake Shore, etc., R. Co.,* 26 Ind. App. 196. In the case at bar, no time was asked or given in which to file a bill of exceptions, and no bill of exceptions, as such, was ever filed.

Appellant excepted to the conclusions of law stated upon the special finding of facts. By such exception he admits the truth of the material facts found.

It was found by the court that one Catherine Kuhn died on the 9th day of May, 1875, the owner of the land in controversy, and that said Catherine was the common source of title of both appellant and appellees. That said Catherine left surviving her a husband, George Kuhn, and two children, Marcus J. Kuhn and Frances A. Small, and that said named husband and each of said children became at the death of said Catherine the owner of an undivided one-third

of the land; that the daughter, Frances A. Small, died on the 24th day of March, 1897, owning her interest in said land and leaving as her only heirs at law her husband, Eli O. Small, and her two children, George and Minnie C. Small; that Marcus J. Kuhn has never sold, conveyed, or in any way disposed of his interest in the land in controversy; that on the 29th day of April, 1875, George Kuhn and Catherine, his wife, borrowed from the State of Indiana (school fund) $208, and executed their note therefor and executed at the same time their mortgage to secure the payment of the loan; that said George Kuhn, the husband, was personally liable for the payment of said sum of money; that said school fund mortgage was foreclosed by the auditor of Grant county, Indiana, on the 14th day of November, 1885, and the land in controversy was sold at sheriff's sale upon the decree of foreclosure for the purpose of paying and satisfying the said loan; that at said sale the said George Kuhn became the purchaser of all of said land; that the judgment and decree upon which said land was so sold was a personal judgment and decree against the said George Kuhn; that the sheriff of Grant county, after the year for redemption expired, executed and delivered to said George Kuhn a sheriff's deed which was based upon said foreclosure, judgment, decree, and sale against the said George Kuhn, and said deed was duly recorded; that Marcus J. Kuhn went to Kansas in 1878, and did not return to Grant county until in December, 1897; that George Kuhn died March 14, 1897, and the said Marcus did not know of his father's death until his return to Indiana; that before Marcus went west, it was agreed and arranged by and between him and his father and his sister Frances that the father should remain in possession of all the land in controversy so long as the father should live, and that the father should have the use and produce of said land during his lifetime, and that the said father should keep up said land and pay the taxes thereon; that said George Kuhn,

the father, sold and conveyed the land in controversy on the 30th day of July, 1889, to William Friermood, who on the 17th day of October, 1890, sold and conveyed the same land to William A. Friermood, who on the 3rd day of September, 1890, sold and conveyed said land to George Parsons, who on the 3rd day of November, 1894, sold and conveyed the said land to the appellant, Boyd Ladd, who is now in possession of said land, claiming to own it by reason of the foregoing conveyances from George Kuhn; that all of said deeds were duly recorded in the proper records and were all made upon valuable considerations and with full covenants of warranty; that said William Friermood, when he bought said land from George Kuhn, knew that Catherine Kuhn was dead and that the said Catherine had died the owner of and in possession of all the land in controversy and in said deed to him described and conveyed, and he knew that the said Catherine left surviving her her husband, the said George, and her two children, Marcus J. Kuhn and Frances A. Small, and knew at the time he received said conveyance that both said children were living; that neither of the appellees has ever at any time bargained, sold, transferred, or conveyed his or her interest in the land in controversy. The special finding then sets out the interest in the land of each party to the action. The conclusions of law are to the effect that Marcus J. Kuhn is the owner of the undivided one-third in value of said land; that Eli O. George and Minnie Small are each the owners of the undivided one-ninth in value of said land, and appellant, Boyd Ladd, is the owner of the undivided one-third in value of said land; that the land is not susceptible of division, and that it be sold.

The question back of all others which presents itself in this case under the facts found is, could George Kuhn through an outstanding lien acquire title to the land in controversy as against tenants in common? The general rule, subject to many exceptions, is, that one tenant in com-

Ladd *v.* Kuhn.

mon cannot, by purchasing an outstanding lien, acquire a title which will evict his cotenant. *Elston* v. *Piggott,* 94 Ind. 14. The rule obtains in all its force where the encumbrance was created by a former owner through whom both parties claim title, the burden, in such a case, being a common one. *Elston* v. *Piggott, supra.*

Again, in *McPheeters* v. *Wright,* 124 Ind. 560, 9 L. R. A. 176, the Supreme Court adopted the following as a correct statement of the law: "An important result of the intimate relations existing between tenants in common, is that one will not be permitted to purchase and set up against his cotenants an outstanding title, and from this it follows that, generally speaking, if one tenant in common take from a third person a conveyance of any title to an estate in the property held in common, such conveyance will inure to the benefit of all the tenants."

In *Van Horne* v. *Fonda,* 5 Johns. Ch. 388, 407, cited and approved in *McPheeters* v. *Wright, supra,* Chancellor Kent said: "I will not say, however, that one tenant in common may not, in any case, purchase in an outstanding title for his exclusive benefit. But when two devisees are in possession, under an imperfect title, derived from the common ancestor, there would seem, naturally and equitably, to arise an obligation between them, resulting from their joint claim and community of interests, that one of them should not affect the claim, to the prejudice of the other. It is like an expense laid out upon a common subject, by one of the owners, in which case all are entitled to the common benefit, on bearing a due proportion of the expense. It is not consistent with good faith, nor with the duty which the connection of the parties, as claimants of a common subject, created, that one of them should be able, without the consent of the other, to buy in an outstanding title, and appropriate the whole subject to himself and thus undermine and oust his companion. It would be repugnant to a sense of refined and accurate justice. It would be immoral, because it would be

against the reciprocal obligation to do nothing to the prejudice of each other's equal claim, which the relationship of the parties as joint devisees, created. Community of interest produces a community of duty, and there is no real difference, on the ground of policy and justice, whether one cotenant buys up an outstanding encumbrance, or an adverse title, to disseize and expel his cotenant. It can not be tolerated, when applied to a common subject, in which the parties had equal concern, and which created a mutual obligation, to deal candidly and benevolently with each, and to cause no harm to their joint interest."

The case at bar falls squarely within the rule. All the facts were known to Friermood when he purchased the land of George Kuhn. Taking the facts as they stand in the special finding, admitted to be true by the exceptions to the conclusions of law, there is no escape from the conclusion that appellees have in no way been divested of their interests in the land in controversy inherited from Catherine Kuhn, and that there was no error in the conclusions of law.

The judgment is affirmed.