## THE MUNCIE AND PORTLAND TRACTION COMPANY *v* THE CITIZENS GAS AND OIL MINING COMPANY.

[No. 21,941. Filed December 20, 1912. Rehearing denied March 7, 1913.]

1. PLEADING.—*Complaint.*—*Right to File Supplemental Complaint.* —*Discretion of Court.*—Under §408 Burns 1908, §399 R. S. 1881, providing that the court may, on motion, allow supplemental pleadings showing facts which occurred after the former pleadings were filed, the right to file a supplemental complaint rests in the sound discretion of the court. p. 327.

Muncie, etc., Traction Co. *v.* Citizens Gas, etc., Co.—179 Ind. 322.

2.  PLEADING. — *Complaint.* — *Supplemental Complaint.* — *Construction.*—A complaint for an injunction, on which the court issued a temporary restraining order which the defendant disregarded, and a supplemental complaint alleging the acts of defendant and demanding damages for the injuries sustained, taken together constitute the complaint in the action.  p. 327.

3.  PLEADING.—*Complaint.*—*Supplemental Complaint.*—The office of a supplemental complaint is to bring into the record any new facts necessary to enable the court to grant the proper relief on the facts as they then exist.  p. 328.

4.  PLEADING.— *Complaint.*— *Sufficiency.*— *Supplemental Complaint.*—Where the original complaint seeking injunctive relief states a good cause of action, and a supplemental complaint only brought into the record facts which occurred after the filing of the original complaint and sought damages for the acts therein alleged, the complaint as thus constituted entitled the plaintiff to some relief on the facts stated, and overruling a demurrer thereto was not erroneous.  pp. 328, 329.

5.  PLEADING.—*Complaint.*—*Construction.*—A complaint must be construed upon the theory which is most apparent and clearly outlined by the facts stated, and must be considered as a whole so as to give full relief for all injuries stated therein.  p. 329.

6.  PLEADING.—*Complaint.*—*Theory.*—The theory of a complaint must be determined by the court from its general scope and tenor, and not from fragmentary statements and conclusions or detached parts.  p. 329.

7.  PLEADING.—*Complaint.*—*Sufficiency.*—A complaint which states one complete and sufficient cause of action will repel a demurrer addressed to the entire pleadings.  p. 329.

8.  APPEAL.—*Theory of Trial.*—*Theory on Appeal.*—The theory on which a cause is tried must be adhered to on appeal.  p. 329.

9.  ABATEMENT.—*Action by Corporation.*—*Dissolution of Corporation.*—An action commenced in 1905 by a corporation whose charter expired in 1907, cannot be abated by a plea filed in 1908 on the theory that the corporation could no longer continue the business for which it was organized, since under §4050 Burns 1908, §3006 R. S. 1881, all corporations whose charter shall expire by limitation, are continued bodies corporate for three years thereafter for the purpose of prosecuting and defending suits and to settle their affairs.  p. 330.

10.  CORPORATIONS.—*Expiration of Charter.*—*Corporate Rights.*—Under §4062 Burns 1908, §3012 R. S. 1881, providing for the appointment of a trustee or receiver, on the expiration of the charter of a corporation, to take charge of the estate and effects and to do all things necessary for the final settlement of the business, and §4064 Burns 1908, §3014 R. S. 1881, providing for

324    SUPREME COURT OF INDIANA,

Muncie, etc., Traction Co. *v.* Citizens Gas, etc., Co.—179 Ind. 322.

the payment of all debts and the distribution of the net balances of the property among the stockholders, all the property of such corporation passes to the trustee on his appointment, and he must take charge of and collect the debts and property due to and belonging to the corporation, prosecute and defend suits to which such corporation was a party, pay its debts and distribute the balance of the proceeds among the stockholders.    p. 330.

11.   CORPORATIONS.—*Easements.*—*Reversion on Expiration of Corporate Existence.*—The easement of a corporation for a right of way for its pipe lines for the transportation of gas to its customers does not revert to the grantors of the right of way at the expiration of the corporate charter, but such easement is a property right, and passes to the trustee appointed pursuant to §4062 Burns 1908, §3012 R. S. 1881, to take charge of the estate and effects and to do all things necessary for the final settlement of its business.    p. 331.

12.   CORPORATIONS.—*Actions.*—*Expiration of Charter While Action is Pending.*—*Parties.*—*Trustee.*—Where, after commencing an action the charter of plaintiff corporation expired by limitation, the trustee appointed by the court pursuant to §4062 Burns 1908, §3012 R. S. 1881, was properly made a party to the action.    p. 332.

13.   APPEAL.—*Questions Reviewable.*—*Demurrers.*—*Exceptions to Conclusions of Law.*—Where there is a special finding of facts and conclusions of law thereon, and the action of the court in overruling a demurrer to the complaint or answer is called in question by the assignment of errors and presents the same question presented by the exceptions to the conclusions of law, and the latter are properly assigned as error, the court may determine the questions either by determining the correctness of the conclusions of law or the sufficiency of the complaint or answer, but need not consider both.    p. 332.

14.   APPEAL. — *Review.* — *Evidence.* — *Findings.* — It is only where there is no legal evidence to support a special finding, that it will be set aside on account of insufficiency of the evidence.    p. 333.

15.   EMINENT DOMAIN.—*Appropriation of Property.*—*Measure of Damages.*—Where plaintiff's right of way for gas mains was wrongfully appropriated for a railroad right of way, the measure of plaintiff's damages was the value of the property at the time of such appropriation.    p. 333.

16.   EVIDENCE.—*Opinion Evidence.*—The testimony of witnesses as to the fair and reasonable market value of property wrongfully appropriated, is admissible, where such witnesses qualify themselves as to having knowledge of the value of such property in the locality in which the same is situated.    p. 333.

From Jay Circuit Court; *Charles E. Sturgis*, Judge.

Action by The Citizens Gas and Oil Mining Company against The Muncie and Portland Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frank H. Snyder, Whitney E. Smith* and *Rollin Warner*, for appellant.

*Frank B. Jaqua* and *Miller, Shirley, Miller & Thompson*, for appellee.

SPENCER, J.—Appellee sued to recover damages for an alleged unlawful invasion of, and interference with, its pipe lines and easement in certain real estate by appellant. The original complaint was filed July 26, 1905, praying that appellant be enjoined from a threatened invasion and destruction of appellee's pipe lines. The court granted a temporary restraining order against appellant. This was disregarded and the agent of appellant was adjudged guilty and punished for contempt of court. On December 7, 1908, appellee filed its supplemental complaint charging appellant with having entered upon its easement, or right of way, laying its railroad tracks thereon, destroying its pipe lines and demanding damages therefor. A demurrer thereto was overruled. Appellant filed its plea in abatement and a demurrer to it was sustained. Trial by court, special finding of facts, conclusions of law thereon and a judgment in favor of appellee for $13,500. The errors assigned are: (1) overruling demurrer to complaint, (2) sustaining demurrer to appellant's plea in abatement, (3) sustaining appellee's demurrer to the second and fifth paragraphs of answer, (4) permitting Charles J. Simmons to be made a party plaintiff, (5) in the conclusions of law, and (6) overruling appellant's motion for a new trial.

The court specially found the facts material to this case to be: Appellee, The Citizens Gas and Oil Mining Company, is a corporation, organized February 18, 1887, for a period of twenty years, which period expired February 18,

1907; that during its corporate existence appellee engaged in drilling, exploring and transporting natural gas by means of pipe lines from its wells, near the village of Como, to the city of Portland; that by written grants and oral permissions from landowners, appellee acquired an easement in a strip of ground one rod wide for a distance of seven miles contiguous to, abutting upon, parallel with, and on the north side of the right of way of the Lake Erie and Western Railway Company; that appellee laid a system of pipe upon said easement consisting of 19,000 feet of $5\frac{3}{8}$ inch iron pipe, and 15,000 feet of two inch iron pipe, with conduits, inlets, grates, valves, regulators, etc., along said main line, and many smaller pipe in the streets of Portland for the purpose of transporting gas to its consumers, all of which were necessary for the control of the flow of gas; and for more than fifteen years maintained said system of pipe on said easement without interference or objection by the owners of the land. Appellant, The Muncie and Portland Traction Company, a corporation, was organized July 7, 1905, for the purpose of building, owning and operating an interurban electric railroad between the cities of Portland and Muncie, Indiana; that it procured deeds for lands to be executed to it by many of the landowners over which appellee's pipe were laid, conveying to appellant a strip of ground for a right of way for its proposed railroad three rods wide, contiguous to and abutting upon the north side of the right of way of the Lake Erie and Western Railway Company; that said deeds included the same strip of land used and claimed by appellee; that appellant acquired a right of way over land whose owners refused to deed to it by condemnation proceedings in the Jay Circuit Court; that with full knowledge of appellee's easement and the existence of its pipe lines, appellant entered upon said easement in 1905 with a large force of men, teams and tools, and graded said right of way three rods wide by making cuts and fills, building concrete abutments and making necessary

culverts, constructed a road bed and laid its cross ties and steel rails thereon; that in said construction appellant blew up appellee's pipes or covered them to a great depth and did such other acts as to completely destroy its pipe lines; that said appellant completed said road and ran cars over the same June 30, 1906, and thereafter wholly appropriated and converted appellee's easement and pipe line to its own use.

On February 2, 1910, Charles J. Simmons, was appointed trustee of appellee by the Jay Circuit Court finally to settle the business of the appellee corporation, with power to prosecute and defend all actions, collect all moneys due and pay all debts and make a proper and equal distribution of the balance among the members of said corporation in proportion to the amount of stock held. On February 2, 1910, said Simmons was made a party plaintiff to this action upon his verified application and was authorized to prosecute this action after February 18, 1910, in his own name to final judgment.

1. Appellant did not demurr to or answer the original complaint. The court issued a temporary restraining order which appellant disregarded. Appellee then filed its supplemental complaint alleging addi-
2. tional facts that appellant had entered upon its easement and right of way described in the original complaint and appropriated the same with the pipe lines laid thereon and all property pertaining thereto and converted it to its own use. "The court may, on motion, allow supplemental pleadings, showing facts which occurred after the former pleadings were filed". §408 Burns 1908, §399 R. S. 1881. "The right to file a supplemental complaint rests in the sound descretion of the court". *Schmoe* v. *Cotton* (1906), 167 Ind. 364, 368, 79 N. E. 184, and cases cited. The supplemental and original complaint, taken together, constitute the complaint upon which this action was tried *Richwine* v. *Presbyterian Church* (1893), 135 Ind. 80, 83,

84, 34 N. E. 737. This complaint prayed to enjoin appellant from its threatened invasion of appellee's easement and the destruction of its pipe lines. Failing to get equitable relief, appellee demanded damages in its supplemental complaint after it had sustained injuries to its property.

Our courts are both courts of law and equity, and have jurisdiction of both actions. The original complaint alleged that the appellant was threatening to enter upon its easement and prayed that it be enjoined therefrom. The supplemental complaint alleged that since the filing of the original complaint the appellant had actually entered upon appellee's easement and destroyed its pipe lines and appropriated said easement to its own use to the damage of appellee, etc. "The office of the supplemental complaint * * * is to bring upon the record such new facts, that the court may grant the proper relief upon the facts existing at the time of the final decree." *Patten* v. *Stewart* (1865), 24 Ind. 332, 343. See, also, *Richwine* v. *Presbyterian Church, supra.* The supplemental complaint thus became a part of the original, and together, they both constituted the complaint in this action. *Patten* v. *Stewart, supra; Morey* v. *Ball* (1883), 90 Ind. 450, 455; *Kimble* v. *Seal* (1883), 92 Ind. 276, 280, 283; *Davis* v. *Krug* (1884), 95 Ind. 1, 4, 5; *Farris* v. *Jones* (1887), 112 Ind. 498, 500, 14 N. E. 484; *Wayne Pike Co.* v. *Hammons* (1891), 129 Ind. 368, 375, 27 N. E. 487; *Pouder* v. *Tate* (1892), 132 Ind. 327, 329, 30 N. E. 880; *Richwine* v. *Presbyterian Church, supra; Chapman* v. *Jones* (1898), 149 Ind. 434, 440, 443, 47 N. E. 1067, 49 N. E. 347; *Barker* v. *Prizer* (1897), 150 Ind. 4, 7, 8, 48 N. E. 4; *Schmoe* v. *Cotton, supra.*

The original complaint, as an entirety, states a good cause of action, and the supplemental complaint served only to carry into the record facts which occurred after the filing thereof in order that the court might render full and complete justice upon the facts as they existed at the time of the trial. "A complaint must be con-

NOVEMBER TERM, 1912.     329

Muncie, etc., Traction Co. *v.* Citizens Gas, etc., Co.—179 Ind. 322.

strued upon the theory which is most apparent and clearly outlined by the facts stated therein." *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 491, 73 N. E. 996. See, also, *Pittsburgh, etc., R. Co.* v. *Sullivan* (1895), 141 Ind. 83, 40 N. E. 138, 27 L. R. A. 840, 50 Am. St. 313. The complaint must be considered as a whole and not by detached allegations and it must be so construed as to give full relief for all injuries stated therein. *Monnett* v. *Turpie* (1892), 133 Ind. 424, 427, 32 N. E. 328; *Muncie Pulp Co.* v. *Martin* (1904), 164 Ind. 30, 33, 72 N. E. 882; *Lesh* v. *Bailey* (1912), 49 Ind. App. 254, 95 N. E. 341.

"The theory of a pleading must be determined by the Court from its general scope and tenor, and not from fragmentary statements and conclusions or detached parts." *Oölitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639, 643, 83 N. E. 246. "The rule is well settled that a complaint which at least states one complete and sufficient cause of action will repel a demurrer addressed to the entire pleading. If there is one complete right of action shown under the facts alleged, the plaintiff must of necessity be entitled to some recovery, and if so entitled her complaint cannot be said to be deficient on demurrer. Therefore, if, under the facts alleged by appellant in her complaint, she is entitled to a part of the relief which she demands, the pleading, under the rule to which we have referred, is sufficient on demurrer, and will serve to present for review upon its merits the question involved in this action." *Kinsey* v. *Union Traction Co.* (1908), 169 Ind. 563, 576, 81 N. E. 923.

We think the appellee was entitled to some relief upon the facts alleged in its complaint and that the court did not err in overruling the demurrer thereto. This case was tried upon the theory that the action was one to recover damages for the unlawful destruction and appropriation of appellee's property by appellant and this theory must be adhered to in this

court. *Flint & Walling Mfg. Co.* v. *Beckett* (1906), 167 Ind. 491, 504, 79 N. E. 503, 12 L. R. A. (N. S.) 924; *Oölitic Stone Co.* v. *Ridge, supra; Ditton* v. *Hart* (1911), 175 Ind. 181, 184, 93 N. E. 961; *Conrad* v. *Hansen* (1908), 171 Ind. 43, 49, 85 N. E. 710; *Studabaker* v. *Faylor* (1908), 170 Ind. 498, 507, 83 N. E. 747, 127 Am. St. 397.

Appellant insists the court erred in sustaining appellee's demurrer to its plea in abatement. After the expiration of appellee's charter, February 18, 1907, it could no longer continue the business for which it was organized. Section 4050 Burns 1908, §3006 R. S. 1881, provides: "All corporations whose charter shall expire by limitation, forfeiture, or otherwise, shall, nevertheless, be continued bodies corporate for three years after the time they would have been so dissolved, for the purpose of prosecuting and defending suits to which they are a party, and to enable them to settle, dispose of, and convey their property, and divide the capital stock, but not to continue the business for which such corporation was established". This action was begun in 1905. The charter did not expire until February 18, 1907. The plea in abatement was filed December 29, 1908, and the three years provided by statute had not expired.

Appellant contends appellee's right of way and easement expired, February 18, 1907, and reverted to the owners of the land. Conceding this to be true, appellee had three years within which to remove its pipe lines and dispose of and convey its property. The common law rule of reverter was changed by 1 R. S. 1852 p. 239, §4062 Burns 1908, which provides for the appointment of a trustee or receiver, upon the proper application by a member of said corporation or a debtor thereof, "to take charge of the estate and effects, collect the debts and property due and belonging to the corporation, with power to prosecute and defend, in the name of the corporation or otherwise, all suits for the purpose aforesaid, * * * and do all other

NOVEMBER TERM, 1912. 331

Muncie, etc., Traction Co. *v.* Citizens Gas, etc., Co.—179 Ind. 322.

acts which might be necessary for the final settlement of the business of the corporation''. Section 4064 Burns 1908, provides for the paying of all debts and distribution of the net balances of the property among the stockholders. When appellee's corporate existence expired all its property passed into the hands of the trustee upon his appointment by the court. His duty was to take charge, collect the debts and property due and belonging to the corporation, to prosecute and defend suits to which such corporation was a party, pay the corporation's debt and distribute the balance of the proceeds among the stockholders according to the amount of stock held by them.

The easement held by appellee did not revert to the grantors at the expiration of its corporate existence as contended by the appellant. The easement was a property right 11. owned by appellee and was assignable and subject to sale as any other property of the corporation. The rule stated in *Goodrich* v. *Burbank* (1866) 12 Allen (Mass.) 459, 90 Am. Dec. 161, viz., the right to enter upon land, lay pipes, repair and renew the same, granted by the owner of the land, is an incorporeal interest in the realty, assignable, descendable and devisable, and has been followed as the weight of authority upon this question. The right of appellee to lay its pipes, through the lands specified, and maintain the same until the expiration of its charter is not questioned, but it is contended by appellant that the property rights of appellee in its right of way for its pipe lines were limited to the use thereof for a period of twenty years, and at the end of its corporate period, February 18, 1907, that said right of way reverted to the grantors. Appellee acquired its right of way and easement for its pipe lines from the owners of the land by written grants and oral permissions and enjoyed the same for a period of twenty years without objection by said landowners. This right, so acquired, to occupy the lands for a right of way for its pipe lines was a property right of the company, and upon the

332    SUPREME COURT OF INDIANA,

Muncie, etc., Traction Co. *v.* Citizens Gas, etc., Co.—179 Ind. 322.

expiration of its charter, February 18, 1907, such property right did not revert to the owners of the servient estate, but passed to and rested in the trustee subject to his final settlement of the affairs of the corporation. Such a property right acquired by appellee was the same as if acquired by an individual and the duration thereof no more depended upon the corporate existence of appellee than the life of the individual. *Bailey* v. *Platte, etc., Min. Co.* (1888), 12 Colo. 230, 21 Pac. 35; *Walley* v. *Platte, etc., Ditch Co.* (1890), 15 Colo. 579, 583, 26 Pac. 129; 5 Thompson, Corporations (2d ed.) §6586. Therefore the right of way and easement acquired by appellee for its pipe lines was not dependent upon or limited by its corporate existence. The court did not err in sustaining appellee's demurrer to the plea in abatement.

What we have heretofore said as to the sufficiency of the complaint, and as to the plea in abatement, makes it unnecessary to dwell upon the sufficiency of the second and fifth paragraphs of answer. The court did not err in sustaining a demurrer to them. Charles J. Simmons, as trustee under the statute, was properly made a party to this action and the court did not err therein.

"When there is a special finding of facts and conclusions of law thereon, and the action of the court in overruling a demurrer to the complaint or answer is called in question by the assignment of errors, if the same question is presented by the exceptions to the conclusions of law, said conclusions of law being properly assigned as error, the court may determine such question either by determining the correctness of the conclusions of law or by deciding as to the sufficiency of the complaint or answer; but it is not necessary to consider both, for the reason that the decision of one necessarily determines the other." *Goodwine* v. *Cadwallader* (1902), 158 Ind. 202, 205, 61 N. E. 939. See, also, *Indianapolis, etc., Traction Co.* v. *Arlington Tel. Co.* (1911), 47 Ind. App. 657, 95 N. E. 280; *National*

*State Bank* v. *Sandford Fork, etc., Co.* (1901), 157 Ind. 10, 60 N. E. 699; *Blair* v. *Curry* (1898), 150 Ind. 99, 46 N. E. 672, 49 N. E. 908; *City of Indianapolis* v. *Board, etc.* (1902), 28 Ind. App. 319, 62 N. E. 715; *Ladd* v. *Kuhn* (1901), 27 Ind. App. 535, 61 N. E. 747; *Cleveland, etc., R. Co.* v. *Parker* (1900), 154 Ind. 153, 56 N. E. 86. Having passed upon the sufficiency of the complaint and the answers it is evident that the conclusions of law are correct.

Appellant earnestly insists that the court erred in overruling its motion for a new trial. (1) In permitting the appellee over objection to file its supplemental complaint. This matter we think has been sufficiently discussed and determined adversely to the appellant. (2) That the judgment was not sustained by sufficient evidence. After having made a careful review of the record we find that the evidence sufficiently supports the material allegations of the complaint. It is only where there is no legal evidence that a special finding will be set aside on account of insufficiency of the evidence. *Vaugh* v. *Smith* (1912), 177 Ind. 111, 96 N. E. 594; *City of Hammond* v. *Jahnke* (1912), 178 Ind. 177, 99 N. E. 40. (3) That the damages assessed by the court were excessive. The court found that the appellee's property at the time it was appropriated by appellant was of the value for which judgment was rendered. The judgment to which the appellee was entitled was of the value of the property at the time it was appropriated. We cannot agree with appellant that the damages assessed were excessive and decline to reverse for this reason. (4) That the court erred in admitting evidence of certain witnesses who testified as to what was a reasonable and fair market value of the appellee's pipe lines at the time they were described by the witnesses. These witnesses qualified themselves as to having knowledge of the value of such property in the locality in which the same was situated and it was proper evidence to fix the values of the property upon

334        SUPREME COURT OF INDIANA,

Fort Wayne, etc., Trac. Co. v. Monroeville, etc., Tel. Co.—179 Ind. 334.

which the measure of damages could be determined for the destruction and appropriation thereof.

Finding no reversible error in the record, judgment is affirmed.

NOTE.—Reported in 100 N. E. 65. See, also, under (1) 31 Cyc. 500; (2) 31 Cyc. 504; (3) 31 Cyc. 499, 505; (5) 31 Cyc. 83; (6) 31 Cyc. 84; (7) 31 Cyc. 326; (8) 2 Cyc. 670; (9) 10 Cyc. 1323; (10) 10 Cyc. 1324, 1329; (11) 10 Cyc. 1327; (12) 10 Cyc. 1325; (13) 3 Cyc. 223; (14) 3 Cyc. 360; (15) 15 Cyc. 719, 995; (16) 17 Cyc. 115. As to the effect of the dissolution of a corporation to abate an action against it, see 134 Am. St. 310. As to easements generally and the creation and alienation of them, see 136 Am. St. 681. As to what franchises, rights and contracts of a corporation survive its dissolution, see 7 Am. St. 721.