ROPP, TREASURER, v. FULTON, TRUSTEE, ET AL.

[No. 22,547. Filed May 25, 1915.]

1. TAXATION.—Assessment.—Omitted Property.—Notice.—The giving of notice required by §10310 Burns 1914, Acts 1897 p. 141, relating to the assessment of omitted property, is a condition precedent to the auditor's right to place such assessment on the duplicate, where the person claiming to own the property, or occupying it, or in the possession thereof resides in the county and is not present; hence the failure to give such notice before assessing as omitted property a judgment in favor of a trustee

on behalf of a defunct corporation, where neither the trustee nor any of those who were stockholders, all of whom resided in the county, were present when the assessment was made, rendered the assessment void. p. 256.

2.  TAXATION.—*Assessment.—Omitted Property.—Notice.*—The provision of §10310 Burns 1914, Acts 1897 p. 141, for notice before placing the assessment of omitted property on the tax duplicate was not in any way modified by the provisions of §10310a Burns 1914, Acts 1911 p. 479, since the latter act does no more than give to property owners the remedy of appeal from assessments of omitted property, and the provision therein for notice is in aid of such right of appeal, and especially must the provision of the former section be deemed unaffected thereby in view of the provisions of §10353 Burns 1914, Acts 1913 p. 628, relating to the assessment of omitted property by the county treasurer. p. 256.

3.  TAXATION.—*Assessment.—Omitted Property.—Notice.—Waiver.*—Where the life of a corporation had expired by limitation and a trustee who was in charge of its affairs had procured a judgment in an action commenced by it, from which an appeal was pending, a statement made by the former treasurer, while being examined as to his personal property, that the corporation would be glad to pay taxes on the amount of the judgment if it ever got the money, was not a consent to the assessment of the judgment so as to authorize the auditor, on its affirmance, to assess it as omitted property without the giving of notice as required by §10310 Burns 1914, Acts 1897 p. 141. p. 257.

From Jay Circuit Court; *Robert M. Van Atta,* Special Judge.

Action by John B. Ropp, as treasurer of Jay County, against Dink M. Fulton, trustee for the Citizens Gas and Oil Mining Company, and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Richard H. Hartford,* for appellant.
*Frank B. Jaqua,* for appellees.

Cox, J.—A provision of the tax law of 1891 as it was amended in 1897, requires a trustee, among other fiduciaries named, to pay the taxes due upon the property of the *cestui que trust.* And the statute further provides that in case he shall neglect to pay any installment when due, when there is money enough on hand to pay the same, the county treas-

urer shall present to the circuit court of the county a brief statement in writing signed by him as such county treasurer setting forth the fact and amount of such delinquency, and such court shall at once issue an order directed to such delinquent, commanding him to show cause within five days thereafter why such tax penalty and costs should not be paid, and upon his failure to show good and sufficient cause for such nonpayment, the court shall order him to pay such taxes out of the assets of the estate in his hands. Acts 1897 p. 226, §10340 Burns 1914.

Under this statute appellant as county treasurer of Jay County presented to the lower court his statement in writing to require the trustee of the Citizens Gas and Oil Mining Company, a domestic private corporation, defunct, except for closing up its affairs by a trustee by reason of the expiration of its chartered life, to pay taxes on a money judgment recovered for it by such trustee. *Muncie, etc., Traction Co.* v. *Citizens Gas, etc., Co.* (1913), 179 Ind. 322, 100 N. E. 65. At the time appellant instituted the proceeding, the judgment had been paid and the money was in the hands of the clerk of the circuit court and for this reason the clerk was made a party. The clerk successfully demurred to the statement or complaint against him. The issues formed between appellant and appellee by various pleadings were tried by the court which upon request of the parties found the facts specially and stated conclusions of law thereon on which it was adjudged that the tax which appellant sought in the proceeding to collect was illegal and void, that appellant take nothing and appellee recover costs. On appeal from this judgment, numerous alleged errors are assigned and urged, based on rulings on the pleadings, the conclusions of law from the facts specially found and the action of the court in overruling the motion for a new trial. Constitutional questions which give jurisdiction of the appeal to this court are raised, but the conclusion which must be reached makes their consideration unnecessary.

A fundamental and vital question of law is involved in the errors assigned. This question was raised by appellee's answer which alleged facts to sustain a theory that the tax which appellant was seeking to collect was illegal and void on the ground that the auditor gave no notice before placing the assessment on the tax duplicate, of his intention to do so.

The facts found by the court sustain appellee's answer and are, in substance material to this question, as follows: The Citizens Gas and Oil Mining Company was a domestic private corporation organized February 18, 1887. Its articles of incorporation limited its corporate life to twenty years. In 1905 it brought an action against the Muncie and Portland Traction Company to recover damages for a trespass on its property. The corporate term of life of the citizens company ended February 18, 1907, with this action pending and undisposed of, but by force of the statute it was continued as a body corporate for three years more or until February 18, 1910, for the purpose of prosecuting and defending suits to which it was a party, and to enable it to settle, dispose of and convey its property, and to divide its capital stock but not to continue the business for which it was organized. §4050 Burns 1914, §3006 R. S. 1881; *Muncie, etc., Traction Co.* v. *Citizens Gas, etc., Co., supra.* February 13, 1910, the Citizens Gas and Oil Mining Company sold and disposed of all its property except the chose in action against the traction company which it expressly retained. February 2, 1910, at the suit of stockholders, one Simmons was appointed to prosecute this action for the defunct corporation and finally to settle its business and close up its affairs as authorized by §§4062-4067 Burns 1914, §§3012-3017 R. S. 1881. He qualified and was substituted as plaintiff in the action against the traction company in place of the defunct corporation. *Muncie, etc., Traction Co.* v. *Citizens Gas, etc., Co., supra.* On June 23, 1910, a judgment was rendered for the plaintiff in that

action for $13,500. On appeal from that judgment, by the defendant, it was affirmed and finally disposed of by this court March 7, 1913. *Muncie, etc., Traction Co.* v. *Citizens Gas, etc., Co., supra.* On March 18, 1913, the judgment with interest then amounting to $15,716.24 was paid to the clerk of the trial court. On the same day the auditor of Jay County, without first having given notice to any one of his intention so to do assessed the defunct corporation for taxation with the sum of $13,500 on account of the judgment for each of the years of 1911, 1912 and 1913 as property omitted by the company from its returns for taxation for those years and at the same time he extended taxes thereon at the current rate amounting to $494.45 for each of the years and placed the assessment and taxes, amounting in the aggregate to $1,483.35, on the tax duplicate then in the hands of appellant county treasurer for collection. These assessments and taxes appellant is seeking to collect in this proceeding. At the time the county auditor made the assessments and extended the taxes thereon, all of the creditors of the estate of the defunct corporation, all of the stockholders of the company, the clerk of the Jay Circuit Court and the trustee for the company were residents of Jay County; and at the time each and all persons claiming to own the judgment or any interest therein, or the fund derived therefrom, or in possession of either the fund or judgment were all residents of that county. None of these persons was present when the auditor made the assessment and no notice of any kind or character was given to any one of them or to any one by the auditor of his intention to place the assessment of the property on the tax duplicate before the same was done by him.

From these facts the court concluded as a matter of law that the taxes as assessed and placed on the tax duplicate were illegal and void, that appellant was entitled to take nothing and that appellee was entitled to recover costs.

The statute from which the auditor derived his authority.

to assess and add omitted property to the tax duplicate pro-
vides that before doing so, "if the person claiming
1.   to own such property, or occupying it, or in posses-
sion thereof resides in the county, and is not present,
he shall give such person notice in writing of his intention
to add such property to the tax duplicate, describing it in
general terms, and requiring such person to appear before
him at his office a specific time, within five days after giving
such notice and to show cause, if any, why such property
should not be added". §10310 Burns 1914, Acts 1897 p. 141.
Now, it appears that the court found the existence of all
the facts which made a notice essential.   The parties con-
cerned were residents of the county, they were not present
and they had no notice of any kind of the auditor's inten-
tion to make the assessment and place it on the tax dupli-
cate for collection.   In such case the statute bestows au-
thority on the auditor to act subject to the precedent con-
dition that he shall give the notice and provide the hearing
therein contemplated.   The court in this case found that
the notice was not given and the legal conclusion properly
followed that the tax was illegal and void.   *Cummings* v.
*Stark* (1894), 138 Ind. 94, 101, 34 N. E. 444; *Deniston* v.
*Terry* (1895), 141 Ind. 677, 41 N. E. 143.

But counsel for appellant contends that §10310, *supra,* has
been modified in the matter of notice as a condition prece-
dent to the authority of the auditor to make and enter
2.   an assessment of omitted property by the act ap-
proved March 4, 1911.   Acts 1911 p. 479, §10310a
Burns 1914.   We can not agree with this contention.   There
is nothing in the act of 1911, title or purview, which pur-
ports to repeal or amend the former section in the matter
of notice.   It does no more than give to property owners
the remedy of an appeal to the circuit court from "any
finding, conclusion or decision of the county assessor, or
any county auditor, any county treasurer or any other offi-
cer or officers or board whose duty it may be to investigate,

decide, assess and place on the tax duplicate  *  *  *  any property subject to taxation and omitted to be returned.'' The appeal is granted on condition that it shall be taken in ten days by the person against whom the taxes are assessed, giving bond conditioned to pay, without delay, all taxes, interest and penalties which on final hearing shall be found due, and costs. The contention of appellant rests on the second proviso of the act which requires the officer entering the omitted property on the duplicate for taxation, at the time he does so, to ''deposit in the United States mail properly addressed to the taxpayer against whom the assessment is made, notice of said assessment''. The notice so provided for is obviously in aid of the right of appeal granted by the act and in no degree takes the place of the notice required by the former section, for appeal from assessments of omitted property is the subject-matter of the act and not the making of such assessment in the first instance. If there were doubt of the correctness of this conclusion, it would be resolved against the claim of counsel by the fact that the legislature in amending, in 1913, §182 of the tax law which made provision for assessments of omitted property by county treasurers carried with that section the provision that ''as to notice to the person, when not present, if residing in the county, the treasurer shall be governed by the provision of the foregoing sections in relation to assessors and auditors'', one of which is §10310, *supra.* Acts 1913 p. 628, §10353 Burns 1914.

It is contended by counsel for appellant that the necessity for giving notice as provided was obviated and the assessment without notice justified by the fact, claimed by appellant to be established, that the person who had been secretary and treasurer of the Citizens Gas and Oil Mining Company, when before the county board of review in June, 1912, about matters of his personal concern, was asked about taxing the judgment in controversy then

258 · SUPREME COURT OF INDIANA,

Western Union Tel. Co. *v*. Louisville, etc., R. Co.—183 Ind. 258.

and in response said, "We haven't got the money on it we will be glad to pay the taxes on it if we get the money". This claim of counsel can not be sustained. In the first place this could not be construed into an agreement to consent to an assessment of the judgment, after an affirmance, for all of the three years the case was pending on appeal; and furthermore the corporation had no legal existence at the time, the extreme limit to which the statute extended its life having expired February 18, 1910. and consequently it had no officers who could bind it. The trustee alone could do that. The title to and control over the judgment passed to him. §§4062-4067 Burns 1914, *supra*.

As the assessment by the auditor was illegal and void, appellant's action was without foundation and we do not feel called to decide questions on the taxability of the judgment for the three years from the time of its rendition until it became final in this court and appellee's right to offset certain debts against it for taxing purposes. Judgment affirmed.

NOTE.—Reported in 108 N. E. 946. As to personal liability for taxes and remedies for its enforcement, see 42 Am. St. 655. See, also, under (1) 37 Cyc. 1045, 1019; (2) 36 Cyc. 1073.