## GOLDBERGER *v.* GOLDBERGER.

[No. 8,951.   Filed February 15, 1916.]

APPEAL.—*Findings.—Conclusiveness.*—Special findings of fact will
not be set aside on the ground of the insufficiency of the evi-
dence where there is some evidence to sustain them, and in the
absence of anything to show that the court made a mistake in
arriving at the result.

From Superior Court of Allen County; *John H.
Aiken*, Special Judge.

Action by Max Goldberger against Maurice
Goldberger.   From a judgment for plaintiff, the
defendant appeals.   *Affirmed.*

*Vesey & Vesey*, for appellant.
*Owen N. Heaton*, for appellee.

SHEA, J.—Appellee, Max Goldberger, brought this
action against appellant, Maurice Goldberger, for
an accounting for money alleged to have been re-
ceived by appellant on collection of certain fire in-
surance policies assigned to him by appellee.   The
court, upon proper request, made a special finding
of facts and stated conclusions of law thereon favor-
able to appellee; that he was entitled to an account-

ing, and appellant was indebted to him in the sum of $909.65, for which amount judgment was rendered in appellee's favor. The only error relied on for a reversal is the overruling of appellant's motion for a new trial, in support of which appellant argues, (1) that the damages awarded are excessive; (2) that the decision of the court is not sustained by sufficient evidence.

In the brief filed on behalf of appellant it is stated that: "The finding of facts furnishes a very excellent history of the case and is conceded to be true except as to numbers 10 and 20." Appellant's attorneys also state on page 39 of their brief that there are no legal propositions involved in this appeal, and, therefore, they cite no authorities, so that the sole question presented here is one of fact. It is shown, in substance, by the special finding of facts that in September, 1907, appellee was the owner of a stock of merchandise and fixtures situate in a store building owned by him in the city of Pueblo, Colorado, where he then resided, on which he carried policies of insurance against loss by fire in various companies aggregating $16,500; that on September 28, 1907, said property was destroyed by fire. Proofs of loss were filed with the several insurance companies by appellee, claiming a total loss under said policies. The proofs of loss were rejected for various reasons, including a claim that appellee had set fire to his said property and payment was refused. In February, 1908, appellee was tried, convicted of the crime of arson, and sentenced to a term of years in the Colorado penitentiary. Appellant, who was a brother of appellee, took an assignment of the various insurance policies aggregating $16,500, with the understanding and agreement that he should bring suit for their collection, and after paying the expenses incurred therein,

pay to appellee the remainder. Pursuant to this agreement appellant advanced to appellee various sums of money, including $650 as attorneys' fees and expenses in perfecting an appeal. The court further finds that the aggregate amount of moneys advanced and expenses incurred was $4,783.60. After much negotiation, the various suits against the insurance companies on the policies were settled on a basis of $6,500; deducting the amount found to be due appellant, there remained a balance in appellant's hands of $854.65, which with $55 interest thereon, amounted to $909.65, the amount of the judgment herein.

Objections were made to special findings Nos. 10 and 20, respectively. Said findings read as follows: "That a few days after the defendant's (appellant's) return to Fort Wayne, Indiana, A. W. Harrington, attorney for the plaintiff (appellee) in said criminal proceeding wrote this defendant that this plaintiff would make an absolute assignment of said policies to this defendant if this defendant would pay said attorney $650 necessary to prosecute said appeal of said criminal case. This proposition was not accepted by plaintiff, but thereafter plaintiff and defendant agreed that plaintiff should assign all of his said policies to defendant and defendant should collect the same, and out of any sum collected should re-emburse himself for all moneys paid or advanced for plaintiff and for all expenses of collection. Subsequently, said policies were all assigned by this plaintiff by endorsing his name thereon and were forwarded by express to this defendant." No. 20: "That the defendant herein, out of said sum paid the detectives so employed by him, the sum of $600 as commission upon the amount of said collection as so agreed by him, which payment was reasonable, in

view of the difficulties encountered in the collection of said sum".

With respect to special finding No. 10, it is contended that the evidence showed conclusively that appellant made an absolute purchase of the insurance policies upon which he collected the money in dispute, and, he was, therefore, not liable for an accounting; that finding No. 10 is in exact opposition to the facts thus shown by the evidence.

It is settled that special findings of fact will not be set aside on the ground of the insufficiency of the evidence, unless there is no legal evidence to sustain them. *Muncie, etc., Traction Co.* v. *Citizens Gas, etc., Co.* (1913), 179 Ind. 322, 100 N. E. 65. There is evidence to the effect that there were some negotiations between appellant and appellee concerning the collection of the losses sustained by appellee, and the steps that should be taken to realize on the insurance policies, which finally resulted in their assignment to appellant. Appellee states that the assignment was made to secure appellant for moneys advanced to him; that after the expenses incurred were paid, the remainder, if any, was to be paid to him. Appellant claims that the sale was absolute, that whatever he realized from the policies after paying expenses was to be his own. The trial court evidently weighed these conflicting statements and gave most credit to the appellee. Under the settled rule we can not say that there is no evidence to sustain the court's finding.

It is also urged, in connection with finding No. 20, that even if appellant were liable to account, and held the insurance policies in a trust capacity, he was liable for a sum considerably less than that adjudged against him; that by finding No. 20 the court finds that appellant paid detectives employed by him the sum of $600, which he is allowed upon his ac-

count. Appellant insists that the only testimony upon this subject was his own, which was to the efectf that for this purpose he had paid $950; that it is true that in the court's finding the word "detective" is used, and in the testimony the word "adjuster" is used, and if correct in this contention the decision and judgment were for $350 more than appellee was entitled to recover. We can not say from an examination of the evidence before us that the trial court was confused by the use of the terms "detective" and "adjuster" interchangeably to the extent that a mistake of $350 was made in reaching the result stated. Taking into account all of the items set out in the special finding, to which appellant is entitled to credit, and deducting them from the amount he received from the insurance company, charging him with $55 interest to which no objection seems to have been made, the total amount due appellee as found by the trial court is $909.65. There being evidence to sustain the finding of the trial court upon each particular item as above stated, this court will not disturb the decision of the court below. Judgment affirmed.

Note.—Reported in 111 N. E. 453. See, also, 3 Cyc 360, 370.