**LAKEVIEW COUNTRY CLUB, INC., Petitioner,**

v.

**STATE of Indiana BOARD OF TAX COMMISSIONERS, Respondent.**

No. 18T05–8910–TA–00042.

Tax Court of Indiana.

Jan. 22, 1991.

William V. Hughes, Beasley, Gilkison, Retherford, Buckles & Clark, Muncie, for petitioner.

Linley E. Pearson, Atty. Gen. by Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondent.

---

FISHER, Judge.

This matter comes before the court on Lakeview Country Club, Inc.'s (Lakeview) motion for summary judgment and the Indiana State Board of Tax Commissioners' (State Board) cross motion for summary judgment.

### Facts

Lakeview is an Indiana corporation with its principal place of business located in Delaware County, Indiana. Since 1967, Lakeview has been a golf course. In 1979, however, Lakeview's land and improvements were allegedly assessed at lower values than other golf courses. Since that time, Lakeview has neither changed the use of the property nor has the property been rezoned.

In August of 1985, the township assessor and another individual made an unannounced visit to Lakeview, preceded by no written notice, to reassess Lakeview's property. On August 23, 1985, the township assessor issued Form 11 notices of assessment on Lakeview's property for the years 1982, 1983, 1984, and 1985, which valued the property at $97,830. Thereafter, the township assessor filed a petition to correct his reassessment[1] for 1982 and 1983, reinstating the $23,260 value assessed in 1979 for 1982 and 1983 and leaving the assessed value of $97,830 for 1984 and 1985.

On September 13, 1985, Lakeview filed Form 130, a petition for review of assessment, with the county board of review (county board) for 1984 and 1985, alleging that the assessment was erroneous because it was "out of line with other courses," and that the property's true cash value was $140,000 with an assessed value of $46,000.

On May 19, 1986, the county board sent Lakeview Form 114, a notice of hearing, which was held on June 4, 1986. On June 27, 1986, the county board issued Form 115, a notice of assessment, which determined the assessed value of Lakeview's property to be $97,830 "[b]ecause: ... [t]he assessment of the Union Township Assessor was determined to be without er-

ror." The county board then applied the assessed value of $97,830 to 1986. Lakeview then filed Form 131, a petition for review of the 1984, 1985 and 1986 assessments. In the petition, Lakeview contended the following:

1. The proposed reassessment by the Assessor of Union Township, Delaware County, Indiana, is illegal in that none of the procedures for interim reassessments under Indiana law were followed.

2. The purported reassessment value far exceeds the true cash value of the real property purported to be so assessed.

    (a) The Assessor of Union Township, Delaware County, Indiana, failed to properly apply the applicable standards of real property appraisal for real property of this kind.

    (b) The purported true cash value is not just, uniform or equal with real property of like kind in Delaware County, Indiana.

    The true cash value of the above described property is $69,780.00 and should be assessed at $23,260, being 33⅓% of true cash value.

On January 16, 1987, the State Board issued Form 225, a notice of hearing on Lakeview's petition, which hearing was held on February 9, 1987. In May of 1987, a hearing officer visited Lakeview's property and assessed the property at a value of $95,930. In conducting the assessment, the hearing officer filled out a new property record card with new figures, although the figures found by the township assessor did appear on the new card.

On September 11, 1989, the State Board issued its final assessment determination, stating:

The assessment of the property listed on this petition was changed *due to incorrect classification of the use of land, incorrect measurements of improvements,* and the March 1, 1984 assessment increase against Lake County [sic] Club is set aside, as the procedures in IC

---

1. *See* IC 6–1.1–15–12.

6–1.1–9 were not followed by the Union Township Assessor.

The March 1, 1986 assessment by the Delaware County Board of Review is set aside. The Taxpayer did not seek relief for the March 1, 1986 assessment nor was a notice of assessment issued by an assessing official for March 1, 1986. The assessment determination by the State Tax Board will carry forward from 1985 until the new reassessment unless changes occur during the interim.

(Emphasis added.)

Lakeview seeks to set aside the State Board's reassessment as applied to 1985 and 1986. Lakeview does not contend that the State Board's assessed value is erroneous or that it is not applicable for 1987 and thereafter.

Lakeview contends the action taken by the township assessor and the county board of review was illegal; the State Board's change of the assessed value for 1985 and 1986 was illegal because the State Board did not give Lakeview notice of its final determination within 3 years from 1985 and 1986; the State Board's final assessment determination for 1985 and 1986 exceeds the authority granted to it by law; and the State Board's final assessment is arbitrary and capricious.

Conversely, the State Board contends in its motion for summary judgment that the assessing officials erroneously assessed the golf course as farmland in 1979.[2] The State Board admits the township assessor's 1984 assessment was improper because he failed to give notice pursuant to IC 6–1.1–9; however, the State Board now contends that the county board properly increased the value under IC 6–1.1–13 or IC 6–1.1–9 for 1985.

## ISSUE

■ Since the State Board set aside the township assessor's and the county board's actions pertaining to March 1, 1984 and March 1, 1986, no issue is presented for

those years except as the 1985 assessment carries forward to 1986. Therefore, the only issue before the court is whether the State Board properly applied its assessment to 1985 and 1986.

## DISCUSSION AND DECISION

The parties agree and the court finds that no genuine issue as to any material facts remain. The issues before the court concern the application of IC 6–1.1–13, IC 6–1.1–14, IC 6–1.1–9 and IC 6–1.1–15 to the admitted facts. *See Faris Mailing, Inc. v. Indiana Dep't of Revenue* (1990), Ind.Tax, 557 N.E.2d 713, 715.

The court's review is limited to determining whether the State Board's determination "is supported by substantial evidence, is an abuse of discretion, is arbitrary or capricious, or is in excess of the State Board's statutory authority." *Hatcher v. State Bd. of Tax Comm'rs* (1990), Ind.Tax, 561 N.E.2d 852, 853 (citing *Bailey Seed Farms, Inc. v. State Bd. of Tax Comm'rs* (1989), Ind.Tax, 542 N.E.2d 1389, 1391).

To ascertain the years to which the State Board's assessment applies, the authority under which the State Board conducted its assessment must be determined. The authority to assess property is granted to the State Board in two statutes, IC 6–1.1–15–4 and IC 6–1.1–14–10.

IC 6–1.1–15–4 provides in pertinent part:

(a) After receiving a petition for review which is filed under section 3 of this chapter, the state board of tax commissioners shall conduct a hearing at its earliest opportunity. *In addition, the state board may assess the property in question, correcting any errors which may have been made.*

(Emphasis added.)

IC 6–1.1–14–10 gives the State Board the authority to

at any time review the assessment or reassessment of any tangible property and may reassess the property. How-

---

2. In Lakeview's "Memorandum of Law in Opposition to Respondent's Motion for Summary Judgment," Lakeview asserts that the State Board's assertion that the 1979 assessment was

according to "farmland" values "is mere characterization on the part of the Tax Board, since such a fact does not appear anywhere in the record of proceedings before this Court."

ever, any change in an assessment is subject to the requirements and limitations prescribed in section 11 of this chapter.

Section 11 provides:

The state board of tax commissioners shall give notice by mail to a taxpayer whose assessment is to be reviewed under section 10 of this chapter. The notice shall state the time, place, and object of a hearing on the assessment.... After the hearing, the state board of tax commissioners shall assess the property in question and mail a certified notice of its final determination to the appropriate county auditor. In addition, the board shall notify the taxpayer by mail of its final determination. *However, an assessment or reassessment may not be made under this section unless notice of the board's final determination is given to the taxpayer within the same time period prescribed, in section 3 or section 4 of IC 1971, 6-1.1-9, for giving an assessment adjustment notice.*

IC 6-1.1-14-11 (emphasis added).

IC 6-1.1-9-4, which applies to the assessment of real property, provides in pertinent part:

(a) Real property may be assessed, or its assessed value increased, for a prior year under this chapter only if the notice required by section 1 of this chapter is given within three (3) years after the assessment date for that prior year.

Under IC 6-1.1-15-4, there is no express time limitation placed upon the State Board's authority, other than the years of the petition the State Board is reviewing.[3] Conversely, the State Board's authority to review and reassess under IC 6-1.1-14-10 is expressly limited by IC 6-1.1-9-4.

In order for the State Board to correct any errors which may have been made in an assessment when reviewing a petition filed under IC 6-1.1-15-4, there must first be an assessment containing errors to correct. For an assessment to contain errors, a valid assessment must exist. If the State Board's authority under IC 6-1.1-15-4 were interpreted to extend beyond correcting errors of a previously conducted valid assessment, the State Board could have the ability to apply its new reassessment to the years contained in a petition reviewed, even though a valid assessment previously had never been conducted by any official. This would allow the State Board to apply its own reassessment to a period beyond the limits of IC 6-1.1-14-10. *See Park 100 Dev. Co. v. Indiana Dep't of Revenue* (1981), Ind., 429 N.E.2d 220, 222–23.

A valid assessment can be made if the assessing officials have the authority to assess. *State Bd. of Tax Comm'rs v. Holliday* (1898), 150 Ind. 216, 220–21, 49 N.E. 14, 16. "No law is more firmly established than this, that no tax shall be assessed which is not authorized by statute." *Sluder v. Mahan* (1954), 124 Ind.App. 661, 671, 121 N.E.2d 137, 141. Additionally, if the statute authorizing assessment requires notice to be sent prior to such assessment, then it is clear that the legislature intended notice to be essential before the assessment can be validly done. *See Cummings v. Stark* (1893), 138 Ind. 94, 101, 34 N.E. 444, 446.[4] Consequently, the failure to give proper notice renders an assessment void. *Ropp v. Fulton* (1915), 183 Ind. 251, 258, 108 N.E. 946, 948. *See also* IC 6-1.1-36-3(b).

Therefore, it must be shown that at some stage of this case an assessment was conducted by an authorized official according

---

**3.** Lakeview contends that even if the State Board were correcting errors which may have been made in an assessment under IC 6-1.1-15-4, the State Board is limited by the same time limitations imposed upon the review of assessments conducted under IC 6-1.1-14. The court need not decide this issue, however, to render a decision in the case at bar.

**4.** Procedural defects can be waived if a taxpayer appears at a hearing and fails to assert "lack of notice or inability to prepare an adequate defense." *Jewell Grain Co. v. State Bd. of Tax Comm'rs* (1988), Ind.Tax, 524 N.E.2d 49, 51, *rev'd on other grounds*, 556 N.E.2d 920, (citing *Brinson v. Sheriff's Merit Bd. of Jefferson County* (1979), 182 Ind.App. 246, 395 N.E.2d 267). Lakeview did allege that the procedures of IC 6-1.1-9 were not followed, rendering the assessment illegal.

to proper procedure. The State Board contends in its motion for summary judgment that the county board's actions caused a valid assessment to be made because it assessed the property under the authority granted by IC 6–1.1–13–3. Additionally, at the hearing on the parties' motions for summary judgment, the State Board asserted alternatively that the county board assessed the property according to the authority granted by IC 6–1.1–9–1. If the county board made a valid assessment under either authority, the State Board was *correcting* errors which may have been made in an assessment under IC 6–1.1–15–4.[5]

Conversely, Lakeview contends that the State Board cannot now rely upon IC 6–1.1–13–3 to justify the increase in assessment because the county board did not conduct its own independent assessment, but relied only upon the figures found by the township assessor in his invalid assessment. The county board made only one finding, that the township assessor's increase in assessment was valid for 1984 and 1985. Furthermore, nothing in the record indicates the county board acted under Chapter 13, and, even if it had, the assessment clearly would apply only to the last assessment date preceding the June 1986 hearing, that is, March 1, 1986. Nonetheless, the State Board already admitted that the county board's 1986 action was invalid.

### A.

IC 6–1.1–13–3 provides:

A county board of review *shall*, on its own motion or *on sufficient cause* shown by any person, add to the assessment lists the names of persons, the correct assessed value of undervalued or omitted personal property, and the description and correct assessed value of real property undervalued on or omitted from the lists.

(Emphasis added.)

The county board must first give notice under IC 6–1.1–13–1, which provides:

The powers granted to each county board of review under this chapter apply only to the tangible property assessments made with respect *to the last preceding assessment date*. Before a county board of review changes any valuation or adds any tangible property and the value of it to a return or the assessment rolls under this chapter, the board shall give prior notice by mail to the taxpayer. The notice must state a time when and place where the taxpayer may appear before the board. The time stated in the notice must be at least ten (10) days after the date the notice is mailed.

(Emphasis added.)

The county board did not refer to the statute upon which it relied when it found the township assessor's actions were without error. The State Board now contends that the township assessor showed "sufficient cause" under IC 6–1.1–13–3 when he issued the notices of assessment. Although the notices themselves could not act as assessments because no preceding notice was given to Lakeview prior to the assessment, the notices sufficed as "sufficient cause" from "any person" under IC 6–1.1–13–3. The county board then followed the notice provisions contained in IC 6–1.1–13–1 to increase the 1985 assessment of undervalued real estate by holding a hearing on June 4, 1986, and issuing a notice of assessment on June 27, 1986. Furthermore, the State Board claims the county board's actions qualified as a review of a current year's assessment or a review of an "assessment made with respect to the last preceding assessment date" under IC 6–1.1–13–1 because the county board's review began in 1985 when Lakeview filed its petition for review, rather than in May or June of 1986, when the county board issued a notice of hearing, held a hearing, and issued its final approval of the township assessor's actions.

■ The court finds that the county board's 1986 approval of the township as-

5. The State Board does not contend that the township assessor's 1985 assessment preceded

by no notice constituted a valid assessment.

sessor's actions could not have been conducted under the authority granted by IC 6–1.1–13 because the last preceding assessment date from the date the county board sent its notice of hearing (May 19, 1986), held the hearing (June 4, 1986), and issued an assessment determination (June 27, 1986), was March 1, 1986, not March 1, 1985. When a tax statute requires an action to be taken during a certain session, an attempt to do the act afterwards is a nullity. *State Bd. of Tax Comm'rs v. Belt Railroad and Stock Yards Co.* (1921), 191 Ind. 282, 285–86, 130 N.E. 641, 642. In 1986, the county board was not authorized under IC 6–1.1–13 to increase the value of undervalued property on Lakeview's 1985 assessment. Additionally, in its own written findings the State Board set aside the county board's 1986 assessment.

### B.

Alternatively, the State Board contends that the county board's approval of the township assessor's assessment resulted in a valid assessment under IC 6–1.1–9, by increasing a "prior year's" assessment. IC 6–1.1–9–1 provides:

(a) If a county auditor, county treasurer, *township assessor,* county assessor, or *county board of review* believes that any taxable tangible property has been omitted from, or *undervalued on,* the assessment rolls or the tax duplicate for any year or years, the official or board *shall give written notice, by personal service or by mail, to the taxpayer of the intention of the official or board to assess, or to increase the assessed value, of the property. The notice shall contain a general description of the property and a statement describing the taxpayer's right to appear before the board or official.*

(b) The taxpayer may appear before the board or official at the board's or the official's office within ten (10) days after the notice required by this section is served on, or mailed to, the taxpayer. If the taxpayer does not appear, or if he appears and fails to show good cause why the proposed action should not be taken, the assessment or increase in assessed value shall be made on the assessment rolls, and the taxpayer shall be notified of the action by mail.

(Emphasis added.)

The court finds that the county board's actions were not taken under the authority granted by IC 6–1.1–9. While the county board could have acted under IC 6–1.1–9–1 in 1986 by increasing the value of undervalued property in 1985 and even in 1984, the county board did not. Instead, the county board found under its review powers granted by IC 6–1.1–15–2.1 that the township assessor's assessments were without error. Even though the county board assessed[6] the property under the authority granted by IC 6–1.1–15–2.1(b), after it held a hearing preceded by proper notice, the fact remained that the township assessor's assessment was invalid for 1984 and 1985 because he failed to give notice prior to assessment. The county board failed to correct the error when it issued a notice of assessment valuing the property at $97,-830, the exact same value as the township assessor found. If, in fact, the county board was increasing the value of undervalued property under the authority granted by IC 6–1.1–9–1, the court fails to see why the county board also could not have increased the value of the property for 1984 as well. In 1986, the county board was authorized to increase the value of undervalued property on the 1985 assessment; however, the county board was not acting under IC 6–1.1–9–1 by increasing the value of undervalued property, but was reviewing the township assessor's actions under IC 6–1.1–15–2.1. The county board errone-

---

**6.** "The valuation of property for taxation constitutes the assessment of the property. Strictly speaking, an assessment is an official estimate of the valuations which are to constitute the basis of an apportionment of a tax among the individual subjects of taxation within the district." *Johnson v. Board of Park Comm'rs of*

*Fort Wayne* (1930), 202 Ind. 282, 290, 174 N.E. 91, 94. "In its limited sense, [assessment] is the process by which persons subject to taxation are listed, their property described, and its value ascertained and stated." 1 T. COOLEY, THE LAW OF TAXATION § 16, at 78 (4th ed. 1924).

ously found that the township assessor's assessments were without error.

Despite the State Board's finding that it changed the assessment "due to [an] incorrect classification of the use of land, [and] incorrect measurements of improvements," there was no valid assessment in 1985 to correct. Instead, the State Board conducted an entirely new review and reassessed Lakeview's property. The critical error of the 1985 assessment was inadequate notice, rendering the 1985 assessment void and invalid. Therefore, there was not an assessment on which correctable errors had been made. The result is that the State Board's assessment constituted a reassessment conducted on its own under IC 6–1.1–14–10, and is thereby restricted to the time period provided by IC 6–1.1–9–4.

The court therefore finds that the State Board's final determination applying its assessment to 1985 and 1986 is unsupported by substantial evidence, is arbitrary and capricious, and is an abuse of discretion.

The court accordingly enters summary judgment in favor of Lakeview. This case is remanded for the State Board to apply its reassessment to years not inconsistent with the foregoing opinion.

ORDERED.