CHARWOOD LLC, Quad Properties LLC, Irwin Union Bank & Trust, Columbus Village Apartments Ptr., Gordon Properties, Dwight & Linda A. Grooms, Bartholomew County Beverage, Cummins Employees Federal Credit Union, Familia LLC, Columbus Container, Columbus Group Partnership, Columbus Group Partnership II, Thomas D. & T. Keith Johnson, John-son Oil Co., South Central Leasing, Andrew C. & Kelly A. Ogle, NJW LLC, Patricia Roberts, McKinley Apartments, Richard L. & Janeen M. Sprague, and T.P. & J. Corp., Petitioners,

v.

BARTHOLOMEW COUNTY ASSESSOR, Respondent.

No. 49T10–0805–TA–33.

Tax Court of Indiana.

May 14, 2009.

Timothy J. Vrana, Timothy J. Vrana LLC, Columbus, IN, Attorneys for Respondent.

Gregory F. Zoeller, Attorney General of Indiana, Jessica E. Reagan, Deputy Attorney General, Indianapolis, IN, Attorney for Petitioners.

FISHER, J.

The Petitioners have challenged the Indiana Board of Tax Review's (Indiana Board) final determinations which upheld the Bartholomew County Property Tax Assessment Board of Appeals' (PTABOA) interim reassessments of their real property for the 2003 tax year. While the Petitioners have presented both a general and a specific issue for the Court's consideration, the Court consolidates them and restates the issue for review as: whether the PTABOA's 2003 interim reassessments were authorized under Indiana Code § 6–1.1–9–1.

## FACTS AND PROCEDURAL HISTORY

The Petitioners own twenty-seven parcels of land and numerous improvements in Columbus Township, Bartholomew County, Indiana. Sometime after they received their property tax bills for the 2002 assessment year, each of the Petitioners received a letter from the Bartholomew County Assessor stating that "[t]he PTABOA will be reviewing your assessed value on Thursday, April 15th or Friday, April 16th. If you have any input you would like to be heard by the PTABOA you may [offer that input] on the [ ] day and time[ specified within this letter.]" (See Cert. Admin. R. at 598, 738.) Thereafter, the Petitioners' representative, Milo E. Smith, appeared at the PTABOA hearings and presented several exhibits in support of each of the properties' 2002 assessed values.[1] On June 11 and June 14, 2004, the PTABOA issued Notifications of Final Assessment Determinations (Forms 115) which increased the assessed values of the Petitioners' properties for the 2003 tax year.[2]

Believing that the PTABOA's interim reassessments were improper, each of the Petitioners timely filed a Petition for Review (Form 131) with the Indiana Board.[3] On August 31, 2006, the Petitioners filed a motion for summary judgment with the

---

1. For example, the record in this case indicates Mr. Smith's exhibits consisted of maps, pictures, construction costs, property record cards for both the subject properties and allegedly comparable properties, land value rates, and numerous pages photocopied from Indiana's assessment guidelines. (See, e.g., Cert. Admin. R. at 11, 21, 41, 51, 61, 81.)

2. The Court has prepared and attached "Court Exhibit A," which both correlates the subject properties with their respective owners and provides the 2002 and the 2003 assessed values on each of the subject properties.

3. To facilitate review of the matter, the Indiana Board subsequently consolidated the Petitioners' appeals. (See Pet'rs V. Pet. for Judicial Review ¶ 1.)

Indiana Board, which was later denied. On August 17, 2007, during their final prehearing conference, the parties agreed that the matter could be resolved on the basis of their stipulated facts and briefs. (*See* Cert. Admin. R. at 581.) As a result, the Indiana Board's administrative law judge vacated the previously scheduled administrative hearing and instituted a briefing schedule instead.

In their brief, the Petitioners claimed that each of their properties' 2002 assessed values should have remained unaltered because none of their properties had experienced a physical change or a change in use between the 2002 and the 2003 tax years. (*See* Cert. Admin. R. at 586, 596.) The Petitioners explained that both Indiana Code § 6–1.1–4–25 and Indiana Code § 6–1.1–9–1, despite their conflicting provisions, supported their claim. More specifically, they explained that when the two statutes were harmonized and read together they provided that interim reassessments were authorized *only* when a property had either been physically altered or had been put to a different use.[4,5] (*See* Cert. Admin. R. at 592–93 (footnotes added).) To support their interpretation of those statutes, the Petitioners cited to several cases which they claimed stood for and reinforced the proposition that absent a change in a property, the assessed values assigned to it during a year of general reassessment must be carried forward un-

til the next general reassessment. (*See* Cert. Admin. R. at 588–95 (*citing K.P. Oil, Inc. v. Madison Twp. Assessor*, 818 N.E.2d 1006 (Ind. Tax Ct.2004); *Lindemann v. Wood*, 799 N.E.2d 1230 (Ind. Tax Ct.2003); *Wetzel Enter. v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1259 (Ind. Tax Ct.1998); *Kent Co. v. State Bd. of Tax Comm'rs*, 685 N.E.2d 1156 (Ind. Tax Ct.1997), *review denied*; *Williams Indus. v. State Bd. of Tax Comm'rs*, 648 N.E.2d 713 (Ind. Tax Ct.1995)).) The Petitioners also maintained that the only case supporting the PTABOA's interim reassessments, *Lakeview Country Club, Inc. v. State Board of Tax Commissioners*, 565 N.E.2d 392 (Ind. Tax Ct.1991), had been overruled by the *Williams Industries* case. (*See* Cert. Admin. R. at 594.) Therefore, claimed the Petitioners, the PTABOA's 2003 interim reassessments were improper and their properties' 2002 assessed values should have been carried forward for the 2003 tax year.

On April 4, 2008, the Indiana Board issued its final determinations, which upheld the interim reassessments.[6] Specifically, the Indiana Board first concluded that because the plain language of Indiana Code § 6–1.1–4–25 involved an assessor's recordkeeping duties only, it did not limit or condition the PTABOA's interim reassessment authority to intermittent property changes. (*See* Cert. Admin. R. at 791–

---

**4.** During the 2003 tax year, Indiana Code § 6–1.1–4–25 provided: "[e]ach township assessor shall keep the assessor's reassessment data and records current by securing the necessary field data and by making changes in the assessed value of real property as changes occur in the use of the real property." IND. CODE ANN. § 6–1.1–4–25(a) (West 2003) (amended 2008).

**5.** Indiana Code § 6–1.1–9–1 in relevant part stated: "[i]f a ... county property tax assessment board of appeals believes that any taxable tangible property has been ... un-

dervalued on the assessment rolls or the tax duplicate for any year or years, the ... board shall give written notice under ... IC 6–1.1–4–22 of the assessment or increase in assessment." IND.CODE ANN. § 6–1.1–9–1 (West 2003) (amended 2004).

**6.** In so doing, the Indiana Board, for the most part, adopted the majority of the arguments that the PTABOA presented in its brief. (*Cf.* Cert. Admin. R. at 742–47 *with* Cert. Admin. R. at 790–800.)

92 ¶¶ 15–17.) Next, the Indiana Board determined that Indiana Code § 6–1.1–9–1 authorized the PTABOA to reassess undervalued property "in 'any year or years' with no substantive limitation other than a required belief that the property is undervalued." (*See* Cert. Admin. R. at 792–93 ¶ 18.) Lastly, the Indiana Board concluded that, despite the Petitioners' assertion, the *Lakeview* case had not been overruled and was of particular relevance because: (1) "it explicitly recognized that Ind[iana] Code § 6–1.1–9–1 [gave] assessing officials authority to increase assessments for undervalued real property between general reassessments[;]" (2) the relevant facts in the case (i.e., no change to allegedly undervalued property) were similar to the facts at hand; and (3) none of the other cases specifically addressed whether an assessing official could reassess undervalued property under Indiana Code § 6–1.1–9–1. (*See* Cert. Admin. R. at 793–99 ¶¶ 21–35.)

On May 7, 2008, the Petitioners initiated this original tax appeal. The Court heard the parties' oral arguments on January 30, 2009. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ When this Court reviews a final determination of the Indiana Board it is limited to determining whether it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

IND.CODE ANN. § 33–26–6–6(e)(1)–(5) (West 2009). The party seeking to overturn the Indiana Board's final determination bears the burden of proving its invalidity. *Osolo Twp. Assessor v. Elkhart Maple Lane Assocs.*, 789 N.E.2d 109, 111 (Ind. Tax Ct.2003).

## DISCUSSION AND ANALYSIS

■ On appeal, the Petitioners contend that the Indiana Board has misinterpreted, misapplied, or simply ignored the law when it upheld the PTABOA's interim reassessment authority under Indiana Code § 6–1.1–9–1. (*See, e.g.,* Oral Argument Tr. at 4–6.) To support their assertion, the Petitioners have restated the arguments they provided in their brief to the Indiana Board. (*Cf. supra* pp. 3–4 (*citing* Cert. Admin. R. at 586, 588–96) *with* Pet'rs Br. at 8–13.)

■ When the Court is presented with a question of statutory interpretation, it looks first to the plain language of the statute. *See Joyce Sportswear Co. v. State Bd. of Tax Comm'rs*, 684 N.E.2d 1189, 1192 (Ind. Tax Ct.1997), *review denied.* " 'Where the language is unambiguous, th[e] Court has no power to construe the statute for the purpose of *limiting or extending its operation.*' " *Id.* (citation omitted). As mentioned, during the 2003 tax year, Indiana Code § 6–1.1–9–1 provided:

> If a township assessor, county assessor, or county property tax assessment board of appeals believes that any taxable tangible property has been omitted from or undervalued on the assessment rolls or the tax duplicate for any year or years, the official or board shall give written notice under ... IC 6–1.1–4–22 of the assessment or increase in assessment.

IND.CODE ANN. § 6–1.1–9–1 (West 2003) (amended 2004). This statute, by its own

terms, does not provide that an assessing official may only reassess real property between general reassessments when the property has been physically changed or is put to a different use. Rather, an assessing official's belief that the subject property has been undervalued constitutes the condition precedent to the execution of an interim reassessment under Indiana Code § 6–1.1–9–1. In turn, "undervalued" is broadly defined as a "value, rate, or estimate below the real worth: set too low a value upon[.]" *See* WEBSTER'S THIRD NEW INT'L DICTIONARY 2491 (2002 ed.). *See also Methodist Hosps., Inc. v. Lake County Prop. Tax Assessment Bd. of Appeals*, 862 N.E.2d 335, 338 (Ind. Tax Ct.2007) (explaining that when a non-technical word used within a statute is undefined, the Court shall give the word its common, plain, ordinary and usual meaning), *review denied*. Thus, in the context of Indiana Code § 6–1.1–9–1, undervalued property presumably could have resulted from factors unrelated to physical changes or changes in the use of the property.[7]

Furthermore, the distinctions between the cases upon which the Petitioners have relied and the issue at hand are anything but immaterial. (*See* Pet'rs Reply Br. at 5 (arguing that the distinctions in *Williams Industries, Wetzel, Lindemann,* and *K.P. Oil* are nothing more than "immaterial factual distinctions[ that ] make no difference").) Indeed, and as recognized by the Indiana Board, the distinctions are particularly fatal in this case, given that the issue—whether the PTABOA's 2003 interim reassessments of the Petitioners' properties were *authorized* under Indiana Code § 6–1.1–9–1–is an extremely narrow one and not one of the cases upon which the Petitioners have relied analyze that specific issue. In fact, the Court has recognized assessing officials' interim reassessment authority under Indiana Code § 6–1.1–9–1 over the course of several years. *See, e.g., Damon Corp. v. State Bd. of Tax Comm'rs*, 738 N.E.2d 1102, 1107 (Ind. Tax Ct.2000) (holding that the reach of, and the protections afforded under, Indiana Code § 6–1.1–9–4(b) were *"limited to actions involving the assessment of . . . undervalued tangible property under Chapter 9 "*) (emphasis added); *Kent,* 685 N.E.2d at 1157 (equating the "authority of lower taxation officials to sua sponte increase assessment[s]" with Indiana Code § 6–1.1–9–1); *Lakeview,* 565 N.E.2d at 397 (recognizing that in 1986, assessing officials could have increased the assessed

---

7. For instance, in this case the assessed values used as the basis for computing the Petitioners' 2002 property tax bills were not necessarily the direct result of the 2002 general reassessment. Indeed, after the Petitioners received notice of their 2002 assessments, they each filed a Petition for Review with the PTABOA challenging the accuracy of their respective assessments. (*See, e.g.,* Cert. Admin. R. at 6, 16.) Before a hearing with the PTABOA was even had, however, each of the Petitioners attended a preliminary conference with the Columbus Township Assessor. Based on these conferences, the Columbus Township Assessor reduced each of the Petitioners' 2002 assessments and those reduced values were used to compute their 2002 property tax liabilities. *See, e.g.,* the attached "Court Exhibit B," which details each of the subject properties' 2002 and 2003 assessed value transitions.

Perhaps the PTABOA believed these reduced values did not reflect the real worth of the Petitioners' properties. That theory, however, is nothing more than mere speculation as the parties have not explained what facts or evidence led the PTABOA to conclude that the Petitioners' properties were undervalued. (*See* Oral Argument Tr. at 7–10, 13–16.) *But see* IND CODE ANN. § 6–1.1–9–2 (West 2003) (requiring the PTABOA to file a written statement with the county auditor that identifies "(1) the reasons why the action was taken; and (2) the facts or evidence on which the reasons [were] based").

value of undervalued property under the statute).

Finally, and most importantly, the Petitioners' claim that Indiana Code § 6–1.1–9–1 and § 6–1.1–4–25 conflicted is misplaced. Prior to 2002, the assessed value of real property in Indiana "was determined under Indiana's own assessment regulations and bore no relation to any external, objectively verifiable standard of measure." *See Westfield Golf Practice Ctr., LLC v. Washington Twp. Assessor,* 859 N.E.2d 396, 398 (Ind. Tax Ct.2007) (citations omitted). "Beginning in 2002, however, Indiana's overhauled property tax assessment system [began to] incorporate[ ] an external, objectively verifiable benchmark—market value-in-use." *Id.* at 399 (footnote omitted). *Implicit in this new system of assessment is the recognition that market trends can affect the assessed value of real property. See, e.g.,* IND.CODE ANN. § 6–1.1–4–4.5 (West 2003) (amended by P.L. 228–2005, § 4, eff. May 12, 2005) (requiring the adoption and implementation of "a system for annually adjusting the assessed value of real property to account for changes in value" subsequent to the 2006 assessment date). Consequently, the Petitioners' properties could have been undervalued as of the 2003 tax year despite the fact that none of their properties had been physically changed or put to a new use after the 2002 tax year.

■ When the PTABOA makes interim reassessments under Indiana Code § 6–1.1–9–1, it must provide the taxpayer with an opportunity to rebut any proposed changes. *See* A.I.C. § 6–1.1–9–1. The facts in this case indicate that the PTABOA provided each of the Petitioners with such an opportunity on the 15th and 16th of April 2004. *See supra* p. 2. While the Petitioners had another opportunity to challenge the accuracy of their assessments during the Indiana Board proceedings, they elected to challenge the PTABOA's authority to initiate the interim reassessments. (*See* Cert. Admin. R. at 800 ¶ 39 (Indiana Board's finding that the Petitioners "did not present any valuation evidence to contest whether their assessments were correct").) The Court therefore must conclude that the Indiana Board's final determinations were proper, given that the Petitioners have not demonstrated that the PTABOA's interim reassessments were unauthorized or inconsistent with the requirements of Indiana Code § 6–1.1–9–1.

## CONCLUSION

For the forgoing reasons, the final determinations of the Indiana Board are AFFIRMED.

Court Exhibit A

| | Owner and Parcel Number | 2002 Assessed Values | 2003 Assessed Values |
|---|---|---|---|
| 1 | Andrew C. & Kelly A. Ogle Parcel #: 1995244215900 | $77,500 ($6,000 for land and $71,500 for improvements) | $172,900 ($6,000 for land and $166,900 for improvements) |
| 2 | Bartholomew County Beverage Parcel #: 19951114800 | $282,600 ($42,700 for land and $239,900 for improvements) | $424,900 ($83,300 for land and $341,600 for improvements) |
| 3 | Charwood LLC Parcel #: 03952700301 | $3,417,600 ($317,600 for land and $3,100,000 for improvements) | $3,495,900 ($395,900 for land and $3,100,000 for improvements) |
| 4 | Columbus Container | $1,790,600 | $3,411,700 |

| | Owner and<br>Parcel Number | 2002<br>Assessed Values | 2003<br>Assessed Values |
|---|---|---|---|
| | Parcel #: 199511411500 | ($271,200 for land and $1,519,400 for improvements) | ($289,200 for land and $3,122,500 for improvements) |
| 5 | Columbus Group Partnership<br>Parcel #: 19962012300 | $556,200<br>($296,700 for land and $259,500 for improvements) | $719,200<br>($401,200 for land and $318,000 for improvements) |
| 6 | Columbus Group Partnership II<br>Parcel #: 19962012301 | $341,000<br>($125,600 for land and $215,400 for improvements) | $516,900<br>($314,100 for land and $202,800 for improvements) |
| 7 | Columbus Village<br>Apartments Ptr.<br>Parcel #: 19961821900 | $1,193,400<br>($212,200 for land and $981,200 for improvements) | $1,254,200<br>($273,000 for land and $981,200 for improvements) |
| 8 | Cummins Employees Federal<br>Credit Union<br>Parcel #: 1995244118200 | $537,400<br>($92,400 for land and $445,000 for improvements) | $638,300<br>($138,600 for land and $499,700 for improvements) |
| 9 | Dwight & Linda A. Grooms<br>Parcel #: 19952721300 | $637,400<br>($218,700 for land and $418,700 for improvements) | $887,700<br>($399,100 for land and $488,600 for improvements) |
| 10 | Dwight & Linda A. Grooms<br>Parcel #: 19962132500 | $321,100<br>($24,000 for land and $297,100 for improvements) | $346,400<br>($49,300 for land and $297,100 for improvements) |
| 11 | Dwight & Linda A. Grooms<br>Parcel #: 199630214100 | $203,400<br>($78,200 for land and $125,200 for improvements) | $350,900<br>($230,700 for land and $120,200 for improvements) |
| 12 | Familia LLC<br>Parcel #: 039526001100 | $251,500<br>($54,500 for land and $197,000 for improvements) | $340,700<br>($65,300 for land and $275,400 for improvements) |
| 13 | Gordon Properties<br>Parcel #: 19951141200 | $169,500<br>($61,200 for land and $108,300 for improvements) | $248,000<br>($72,000 for land and $176,000 for improvements) |
| 14 | Gordon Properties<br>Parcel #: 199524217602 | $133,600<br>($56,000 for land and $77,600 for improvements) | $262,600<br>($56,000 for land and $206,600 for improvements) |
| 15 | Irwin Union Bank & Trust<br>Parcel #: 19952434700 | $2,012,700<br>($281,000 for land and $1,731,700 for improvements) | $2,287,600<br>($323,100 for land and $1,964,500 for improvements) |
| 16 | Johnson Oil Co.<br>Parcel #: 19961632500 | $602,300<br>($222,200 for land and $380,100 for improvements) | $698,200<br>($328,900 for land and $369,300 for improvements) |
| 17 | Johnson Oil Co.<br>Parcel #: 038501002500 | $195,000<br>($77,600 for land and $117,400 for improvements) | $327,000<br>($97,000 for land and $230,000 for improvements) |
| 18 | McKinley Apartments<br>Parcel #: 199513441300 | $179,600<br>($24,600 for land and $155,000 for improvements) | $345,400<br>($24,600 for land and $320,800 for improvements) |
| 19 | NJW LLC<br>Parcel #: 19951334400 | $200,900<br>($38,000 for land and $162,900 for improvements) | $336,300<br>($42,600 for land and $293,700 for improvements) |
| 20 | Patricia Roberts<br>Parcel #: 19951114102 | $146,800<br>($31,500 for land and $115,300 for improvements) | $236,900<br>($31,500 for land and $205,400 for improvements) |
| 21 | Patricia Roberts<br>Parcel #: 19951114100 | $188,900<br>($64,600 for land and $124,300 for improvements) | $286,700<br>($64,600 for land and $222,100 for improvements) |

| Owner and Parcel Number | 2002 Assessed Values | 2003 Assessed Values |
|---|---|---|
| 22 Quad Properties LLC<br>Parcel #: 199527111001 | $1,928,800<br>($117,600 for land and<br>$1,811,200 for improvements) | $2,046,400<br>($235,200 for land and<br>$1,811,200 for improvements) |
| 23 Quad Properties LLC<br>Parcel #: 199619211000 | $287,300<br>($78,200 for land and $209,100<br>for improvements) | $371,200<br>($116,300 for land and $254,900<br>for improvements) |
| 24 Richard L. & Janeen M. Sprague<br>Parcel # : 199525122500 | $184,500<br>($90,000 for land and $94,500<br>for improvements) | $345,200<br>($90,000 for land and $255,200<br>for improvements) |
| 25 South Central Leasing<br>Parcel #: 199619232300 | $50,500<br>($13,600 for land and $36,900<br>for improvements) | $144,900<br>($13,600 for land and $131,300<br>for improvements) |
| 26 T.P. & J. Corp.<br>Parcel #: 19961842300 | $599,900<br>($208,700 for land and $391,200<br>for improvements) | $886,800<br>($248,900 for land and $637,900<br>for improvements) |
| 27 Thomas D. & T. Keith Johnson<br>Parcel #: 19963221800 | $146,100<br>($26,600 for land and $119,500<br>for improvements) | $334,100<br>($53,200 for land and $280,900<br>for improvements) |

(Cert. Admin. R. at 600-737.)

## Court Exhibit B

| Owner and Parcel Number | Original 2002 Assessed Values | Final 2002 Assessed Values | 2003 Assessed Values |
|---|---|---|---|
| 1 Andrew C. & Kelly A. Ogle<br>Parcel #: 1995244215900 | $170,200<br>($45,000 for land<br>and $125,200 for<br>improvements) | $77,500<br>($6,000 for land<br>and $71,500 for<br>improvements) | $172,900<br>($6,000 for land<br>and $166,900 for<br>improvements) |
| 2 Bartholomew County Beverage<br>Parcel #: 19951114800 | $544,600<br>($178,100 for land<br>and $366,500 for<br>improvements) | $282,600<br>($42,700 for land<br>and $239,900 for<br>improvements) | $424,900<br>($83,300 for land<br>and $341,600 for<br>improvements) |
| 3 Charwood LLC<br>Parcel #: 03952700301 | $3,963,300<br>($863,300 for land<br>and $3,100,000 for<br>improvements) | $3,417,600<br>($317,600 for land<br>and $3,100,000 for<br>improvements) | $3,495,900<br>($395,900 for land<br>and $3,100,000 for<br>improvements) |
| 4 Columbus Container<br>Parcel #: 199511411500 | $5,058,800<br>($385,600 for land<br>and $4,673,200 for<br>improvements) | $1,790,600<br>($271,200 for land<br>and $1,519,400 for<br>improvements) | $3,411,700<br>($289,200 for land<br>and $3,122,500 for<br>improvements) |
| 5 Columbus Group Partnership<br>Parcel #: 19962012300 | $720,700<br>($314,900 for land<br>and $405,800 for<br>improvements) | $556,200<br>($296,700 for land<br>and $259,500 for<br>improvements) | $719,200<br>($401,200 for land<br>and $318,000 for<br>improvements) |
| 6 Columbus Group Partnership II<br>Parcel #: 19962012301 | $520,700<br>($157,000 for land<br>and $363,700 for<br>improvements) | $341,000<br>($125,600 for land<br>and $215,400 for<br>improvements) | $516,900<br>($314,100 for land<br>and $202,800 for<br>improvements) |
| 7 Columbus Village Apartments Ptr.<br>Parcel #: 19961821900 | $2,649,900<br>($576,300 for land<br>and $2,073,600 for<br>improvements) | $1,193,400<br>($212,200 for land<br>and $981,200 for<br>improvements) | $1,254,200<br>($273,000 for land<br>and $981,200 for<br>improvements) |
| 8 Cummins Employees Federal Credit Union<br>Parcel #: 1995244118200 | $652,000<br>($138,600 for land<br>and $513,400 for | $537,400<br>($92,400 for land<br>and $445,000 for | $638,300<br>($138,600 for land<br>and $499,700 for |

| | Owner and Parcel Number | Original 2002 Assessed Values improvements) | Final 2002 Assessed Values improvements) | 2003 Assessed Values improvements) |
|---|---|---|---|---|
| 9 | Dwight & Linda A. Grooms Parcel #: 19952721300 | $894,500 ($410,000 for land and $484,500 for improvements) | $637,400 ($218,700 for land and $418,700 for improvements) | $887,700 ($399,100 for land and $488,600 for improvements) |
| 10 | Dwight & Linda A. Grooms Parcel #: 19962132500 | $346,400 ($49,300 for land and $297,100 for improvements) | $321,100 ($24,000 for land and $297,100 for improvements) | $346,400 ($49,300 for land and $297,100 for improvements) |
| 11 | Dwight & Linda A. Grooms Parcel #: 199630214100 | $369,500 ($95,600 for land and $273,900 for improvements) | $203,400 ($78,200 for land and $125,200 for improvements) | $350,900 ($230,700 for land and $120,200 for improvements) |
| 12 | Familia LLC Parcel #: 039526001100 | $342,400 ($54,500 for land and $287,900 for improvements) | $251,500 ($54,500 for land and $197,000 for improvements) | $340,700 ($65,300 for land and $275,400 for improvements) |
| 13 | Gordon Properties Parcel #: 19951141200 | $249,800 ($72,000 for land and $177,800 for improvements) | $169,500 ($61,200 for land and $108,300 for improvements) | $248,000 ($72,000 for land and $176,000 for improvements) |
| 14 | Gordon Properties Parcel #: 199524217602 | $262,600 ($56,000 for land and $206,600 for improvements) | $133,600 ($56,000 for land and $77,600 for improvements) | $262,600 ($56,000 for land and $206,600 for improvements) |
| 15 | Irwin Union Bank & Trust Parcel #: 19952434700 | $2,287,600 ($323,100 for land and $1,964,500 for improvements) | $2,012,700 ($281,000 for land and $1,731,700 for improvements) | $2,287,600 ($323,100 for land and $1,964,500 for improvements) |
| 16 | Johnson Oil Co. Parcel #: 19961632500 | $709,000 ($328,900 for land and $380,100 for improvements) | $602,300 ($222,200 for land and $380,100 for improvements) | $698,200 ($328,900 for land and $369,300 for improvements) |
| 17 | Johnson Oil Co. Parcel #: 038501002500 | $327,900 ($106,100 for land and $221,800 for improvements) | $195,000 ($77,600 for land and $117,400 for improvements) | $327,000 ($97,000 for land and $230,000 for improvements) |
| 18 | McKinley Apartments Parcel #: 199513441300 | $427,900 ($107,100 for land and $320,800 for improvements) | $179,600 ($24,600 for land and $155,000 for improvements) | $345,400 ($24,600 for land and $320,800 for improvements) |
| 19 | NJW LLC Parcel #: 19951334400 | $457,700 ($116,700 for land and $341,000 for improvements) | $200,900 ($38,000 for land and $162,900 for improvements) | $336,300 ($42,600 for land and $293,700 for improvements) |
| 20 | Patricia Roberts Parcel #: 19951114102 | $314,100 ($91,500 for land and $222,600 for improvements) | $146,800 ($31,500 for land and $115,300 for improvements) | $236,900 ($31,500 for land and $205,400 for improvements) |
| 21 | Patricia Roberts Parcel #: 19951114100 | $317,700 ($64,600 for land and $253,100 for improvements) | $188,900 ($64,600 for land and $124,300 for improvements) | $286,700 ($64,600 for land and $222,100 for improvements) |
| 22 | Quad Properties LLC Parcel #: 199527111001 | $2,734,200 ($235,200 for land and $2,499,000 for | $1,928,800 ($117,600 for land and $1,811,200 for | $2,046,400 ($235,200 for land and $1,811,200 for |

| | Owner and Parcel Number | Original 2002 Assessed Values improvements) | Final 2002 Assessed Values improvements) | 2003 Assessed Values improvements) |
|---|---|---|---|---|
| 23 | Quad Properties LLC Parcel #: 199619211000 | $544,200 ($140,800 for land and $403,400 for improvements) | $287,300 ($78,200 for land and $209,100 for improvements) | $371,200 ($116,300 for land and $254,900 for improvements) |
| 24 | Richard L. & Janeen M. Sprague Parcel #: 199525122500 | $345,200 ($90,000 for land and $255,200 for improvements) | $184,500 ($90,000 for land and $94,500 for improvements) | $345,200 ($90,000 for land and $255,200 for improvements) |
| 25 | South Central Leasing Parcel #: 199619232300 | $178,300 ($36,600 for land and $141,700 for improvements) | $50,500 ($13,600 for land and $36,900 for improvements) | $144,900 ($13,600 for land and $131,300 for improvements) |
| 26 | T.P. & J. Corp. Parcel #: 19961842300 | $889,000 ($248,900 for land and $640,100 for improvements) | $599,900 ($208,700 for land and $391,200 for improvements) | $886,800 ($248,900 for land and $637,900 for improvements) |
| 27 | Thomas D. & T. Keith Johnson Parcel #: 19963221800 | $309,400 ($53,200 for land and $256,200 for improvements) | $146,100 ($26,600 for land and $119,500 for improvements) | $334,100 ($53,200 for land and $280,900 for improvements) |

(Cert. Admin. R. at 600-737).